## 8997

### STATE v. RODGERS.

#### (84 S. E. 304.)

CRIMINAL LAW. CRIMINAL PROCEDURE. FORMER JEOPARDY. ARSON. EVIDENCE.

1. CRIMINAL LAW—FORMER JEOPARDY—IDENTITY OF OFFENSES.—Where accused, after shooting a person in his dwelling house and striking him on the head with an axe, set fire to the dwelling house, his conviction for murder, under an indictment charging a killing with a pistol and an axe, did not bar a prosecution for arson, under Const. Art I, Sec. 17, providing that no person shall be subject for the same offense to be twice put in jeopardy of life or liberty.

2. CRIMINAL LAW—PUNISHMENT—DEATH SENTENCE—PRIOR CONVICTION.—That a person convicted of arson and sentenced to death was undergoing life imprisonment under a prior conviction for murder did not prevent the execution of the death sentence.

3. ARSON—EVIDENCE—OWNERSHIP OF BUILDING.—On a trial for arson, where, though it appeared that accused before setting fire to a dwelling house shot the owner and struck him on the head with an axe, there was no evidence that he was dead, an objection, that there was no testimony to sustain the allegation that such person was the owner of the dwelling house at the time it was burned, was properly overruled.

Before SEASE, J., Laurens, September, 1914. Affirmed.

From judgment and sentence to death after conviction for arson, Greenwood Rodgers, the defendant, appealed. The facts are stated in the opinion.

The exceptions were as follows:

1. That his Honor erred in not submitting the plea of former jeopardy to the jury, it being a question of fact for the jury and not for the Court.

2. That his Honor erred in not holding that the arson was a contributory cause of the death of George F. Young.

FOOTNOTE.—As to effect of conviction or acquittal of offenses as a bar to prosecution for homicide in the commission of the offense, see note in 63 L. R. A. 405.

3. That his Honor erred in overruling the motion of the defendant's attorney in arrest of judgment, as the arson was one of the contributing causes of the death of George F. Young and the prisoner had already been tried and convicted of murder and recommended to the mercy of the Court.

4. That his Honor erred in sentencing the prisoner to the electric chair on the 23d day of October, said execution to take place while the prisoner was serving a life sentence for a crime of which the arson was but a part.

5. That his Honor erred in holding that the Court was able to abrogate and set aside the sentence of the former Court which the prisoner was then serving and substitute a new sentence, which sentence was to be imposed before the first sentence was fully served.

6. That his Honor erred in holding that the State can prefer on the same facts a series of charges.

7. That his Honor erred in not holding the conviction of murder on the same testimony and facts as used at the trial for arson to be a bar to the charge of arson.

8. That his Honor erred in overruling the motion in arrest of judgment.

*Mr. Augustus G. Hart*, for appellant, submits: *The identity of the offenses should have been submitted to the jury:* 76 S. C. 72, 74. *Proof of ownership:* 46 S. C. 265. *Former jeopary:* 1 Green (N. J.) 361; Archbold's Criminal Prac. & Pldg., p. 373. *Effect of judgment upon first conviction:* 13 S. C. 439; 59 Ala. 654; 62 Ala. 51; 24 Wis. 492; 1 Am. Rep. 197; 26 L. R. A. (N. S.) 273; 26 Am. Dec. 130; 12 Cyc. 779, note; 83 Am. St. Rep. 568; 101 Md. 465. *Different offenses growing out of same acts:* Bishop Criminal Law, 7th Ed., vol. I, par. 1060; 58 Am. Dec. 548; 1 Tex. App. 47; 1 Green 361; A. C. 131; 25 Am. & Eng. Ency. Law 317; 38 Ga. 187; Dud. 42; 2 McMull. 395; 17

Enc. Law, 2d Ed., 597; 43 S. E. 514; 11 Tex. App. 207; 3 N. Y. Weekly Digest 162; Bishop Crim. Law, par. 1958.

*Mr. Solicitor Cooper,* for the respondent.

February 10, 1815.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from the sentence of death imposed upon the appellant for arson.

The facts are thus stated in the record:

The appellant, Greenwood Rodgers, was jointly indicted with Tom Young and Junk Caldwell, for the murder of George F. Young, on the 12th day of January, 1914, Spring term of the Court of General Sessions for Laurens county. Greenwood Rodgers and Junk Caldwell were tried separately, and each convicted of murder with recommendation to the mercy of the Court, and each was duly sentenced to imprisonment at hard labor for the term of his natural life.

The indictment was in the usual form, charging killing of George F. Young with a pistol and axe.

At the 1914 Fall term of the Court of General Sessions for Laurens county, Greenwood Rodgers was indicted for the crime of arson, on which indictment he was convicted and duly sentenced to be electrocuted the 23d day of October, 1914.

The indictment charged that the defendant aforesaid did feloniously, wilfully and maliciously set fire to a certain house, to wit: the dwelling house of one George F. Young, and by the kindling of such fire, the aforesaid dwelling house was then and there feloniously, wilfully and maliciously burned and consumed.

The appellant's attorney entered a plea of former jeopardy before the jury was sworn, which plea was resisted by the Solicitor, who denied identity of the offenses, and the said plea was overruled by the Court.

The Judge's charge was that usually given in arson cases. After conviction, the attorney of the appellant made a motion for an arrest of judgment, on the following grounds:

1. *Autrefois convict* (former jeopardy).

2. That the same facts and testimony were used in the previous trial, when he was convicted of murder and sentenced to life imprisonment, the jury having recommended him to the mercy of the Court.

3. That out of the same facts, a series of charges shall not be preferred.

4. That the facts brought out in the trial would have warranted a conviction on the first trial, and did sustain a conviction on the first trial, therefore the conviction for murder at the first trial, on the same facts as brought out at the trial for arson, is a bar to sentencing the defendant for arson.

The defendant offered in evidence, to sustain the above plea, the testimony and judgment in the trial for murder and the testimony in the trial for arson, and also the records of the Court in the entire matter.

And the questions were raised, as to the Court's right to interfere with the first sentence, while the prisoner was serving said sentence; also the right of the Court to sentence the prisoner to the electric chair for an offense committed prior to trial for a felony, on which trial he was convicted. and that even if the Court had the right to sentence prisoner, said sentence could not be put into effect until the first sentence which prisoner was then serving had been served. The question was also raised that the arson was a contributory cause of the death of George F. Young. The motions were overruled by the Court.

The State's testimony tended to show that Greenwood Rodgers, Junk Caldwell and Tom Young, on the night of January 12th, 1914, went to the house of George F. Young, in Laurens county, where they found him reading a paper

before the fire; they walked up to the back of his house, where the door was partly ajar; that Greenwood Rodgers with a pistol fired upon Mr. Young, who fell from his chair to the floor, and that when he attempted to rise, Greenwood Rodgers struck him on the head with an axe, and immediately turning over his body, removed some money from the pocket of his clothes, and then taking a fire shovel, he scattered coals of fire over and around the body of Mr. Young and on the bed near by, setting fire to the clothing of Mr. Young and the house, and causing the house to be consumed. The only eyewitness testifying to this was Tom Young, a codefendant of Greenwood Rodgers, in the indictment for murder. Greenwood Rodgers and Junk Caldwell denied all knowledge of the above transaction. No testimony was produced in this case, to show that George F. Young was dead before the burning of the house.

In the two trials, the State used practically the same witnesses, and practically the same testimony was had at both trials. Tom Young was the only witness who testified in regard to the transaction at the place, where George F. Young was killed. He was the only witness who professed to have seen aught of the criminal transaction on the night of January 12th, 1914. His testimony was the same in both trials.

A charred body was found in the ashes of the former home of George F. Young on the morning of January 13th, 1914.

The defendant appealed upon exceptions which will be reported.

The first question which will be considered is, whether there was error on the part of his Honor, the presiding Judge, in overruling the plea of former jeopardy.

Section 17, art. I of the Constitution contains the provision that no person shall be subject for the same offense to be twice put into jeopardy of life or liberty.

In the case of *State* v. *Jenkins,* 20 S. C. 351, he was indicted for arson and acquitted by direction of the Court, on the ground that the offense charged did not constitute the crime of arson.    He was, thereafter, for this same act of burning, put upon his trial for the statutory offense of . burning an untenanted house, whereupon he interposed the plea of *nutrefois acquit.*

The Court, after stating that the question was a mixed one of law and fact; that the facts, however, were not disputed, and that the question of law alone would be considered; that there was no doubt that the same occurrence gave rise to the different indictments; and that it was equally clear that the indictments on their face did not charge the same offense, proceeded as follows:

"Let us subject the question to another test.    Could the accused have been convicted at the first trial, and under the first indictment, of the offense charged in either of the other two?    When put upon trial for arson, could he have been convicted of burning an untenanted house?    Certainly not, as arson does not necessarily embrace the other offense. Nor, inasmuch as the indictment for arson did not contain a charge of facts constituting the other offense, could testimony have been introduced as to the other, as it is a rule of law that the testimony must correspond with the allegations, a rule applicable to both civil and criminal cases, and especially so to criminal.    If then, the accused could not, under any circumstances, have been convicted of the present offense in the former trial, how then can it be said that upon the present trial, he has been put in jeopardy twice for the same offense, or, in the language of the Constitution, 'That after having been once acquitted by the verdict of a jury of an offense, he has again been put in jeopardy of his life or liberty for the same.' "

In the case of the *State* v. *Mitchell,* 98 S. C. 474, 82 S. E. 676, it was held that an acquittal on an indictment for burglariously breaking and entering a dwelling house in the

nighttime, with intent to steal certain goods, was a bar to a subsequent indictment for entering, without breaking, the same house at the same time, with intent to steal the same goods.

The plea of former jeopardy was sustained in that case, for the reason that the two offenses charged were substantially the same.

The exceptions raising this question were overruled.

The next question is, whether the fact that the defendant is undergoing the punishment imposed upon him, for the murder of George F. Young, will prevent the execution of the sentence of death, for the crime of arson. It has been shown that the offenses, although arising out of the same state of facts, are separate and distinct. The law does not contemplate that a criminal shall escape the extreme penalty for his crime by reason of the fact that he has also been convicted of another crime, for which the sentence was less than that of death, otherwise the fact that the criminal had committed more than one crime, would enure to his benefit.

The last question is whether there was error in overruling the objection that there was no testimony tending to sustain the allegation of the indictment, that George F. Young was the owner of the dwelling house at the time it was burned.

It is contended that George F. Young was dead when the crime of arson was committed.

This ground is disposed of by the following statement, which appears in the record: "No testimony was produced in this case, to show that George F. Young was dead before the burning of the house."

These conclusions practically dispose of all questions presented by the exceptions.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed and that the case be remanded

to that Court for the purpose of having another day assigned for carrying into execution the sentence of the Court.