THE STATE v. COPELAND.

1. ARSON is an offence against possession rather than property itself.

2. INDICTMENT.—A defendant was tried and acquitted on an indictment which charged him with setting fire "to a certain house, to wit: a corn house of one C. H. Willcox," and was again arraigned on an indictment charging

him with setting fire "to a certain house, to wit: a barn of one Ella Willcox, used by one C. H. Willcox for the purpose of storing his corn therein." *Held*, that both indictments charged the same offence, and defendant having been tried under the first, cannot again be tried for the same offence.

Before BUCHANAN, J., Hampton, October, 1895. Reversed.

Indictment against George Copeland for arson. Defendant sets up plea of *autre fois acquit.* Plea overruled. Defendant appeals.

*Messrs. W. S. Tillinghast* and *T. A. Hamilton*, for appellant.

*Solicitor G. Duncan Bellinger*, contra.

March 9, 1896. The opinion of the court was delivered by

MR. JUSTICE POPE. At the October term, 1895, of the Court of General Sessions for Hampton County, in this State, George Copeland, the appellant, was arraigned on an indictment charging him with arson, in that he had, on the 20th. day of April, 1895, feloniously, willfully, and maliciously burned, by having "set fire to a certain house, to wit: a barn of one Ella Willcox, used by one C. H. Willcox for the purpose of storing his corn therein." To this indictment the said George Copeland interposed the plea of *autre fois acquit*, basing said plea upon his indictment and acquittal thereon of arson, in that he had, on the 20th. day of April, 1895, burned, by having "set fire to a certain house, to wit: a corn house or barn of one C. H. Willcox."

The Circuit Judge—Judge Buchanan—overruled the plea, and the defendant appeals from said decision.

It is admitted that the only difference in the two indictments is, that in one, the first, the barn or corn house is alleged "of one C. H. Willcox"—while in the second, it is alleged that such barn or corn house is "of one Ella Willcox, used by one C. H. Willcox for the purpose of storing his corn therein." The object of the plea

of *autre fois acquit* is to interpose the constitutional barrier: "No person, after having been once acquitted by a jury, shall again, for the same offence, be put in jeopardy of his life or liberty," and it is, therefore, all important to the appellant that it should be determined whether the same offence is legally charged in both indictments; if it is, he is entitled to the protection of the law from further annoyance, having been once acquitted by a jury.

The offence charged is statutory arson, and not arson at the common law. Arson is an offence against possession rather than property itself. This being so, we are inclined to think that when an indictment distinctly charges the property destroyed as that of the party in possession thereof, it is quite sufficient. It is true, an indictment would be good if it charged the offence against both the owner and the possessor of the property destroyed. The first indictment properly laid the possession of the corn house or barn in C. H. Willcox. The second indictment does nothing more than the first, except to set out the owner of the property at the same time. The offence is the same in each indictment.

The Circuit Judge was in error in overruling the plea in question.

It is the judgment of this court, that the order appealed from be reversed, and that the action be remitted to the Circuit Court, with directions to that court to enforce the plea of *autre fois acquit.*