STATE v. CARTER.

1. CRIMINAL LAW—ARSON.—The malicious burning of a dwelling house is a capital felony—*construing* secs. 140 and 143 of Criminal Code.
2. IBID.—PLEADING—INDICTMENT—ARSON.—An indictment for arson in burning a dwelling house may allege the house to be that of the owner in fee, or of the occupant.

Before GARY, J., Abbeville, January, 1897.    Affirmed.

The defendant, Randolph Carter, was indicted for arson in burning the dwelling house of S. L. Morris, found guilty, and sentenced.    Defendant appeals.

*Messrs. Graydon & Graydon*, for appellant, cite: Criminal Code, 140; 14 Stat., 175; 16 Stat., 631; 45 S. C.,      ; 46 S. C., 13; 17 S. C., 467; 12 Am. Rep., 303; 22 Am. Rep., 569.

*Mr. Solicitor Ansel*, contra (oral argument).

April 26, 1897. The opinion of the Court was delivered by

MR. JUSTICE GARY.    The defendant was indicted for arson in setting fire to and burning the dwelling house of S. L. Morris.    Testimony was offered tending to show that the house burned belonged to S. L. Morris, who lived in New York, but was occupied as a dwelling house by R. W. Cowan, who had leased it for a term of five years from S. L. Morris.    The defendant was convicted of arson and recommended to the mercy of the Court; whereupon he was sentenced to a term of ten years at hard labor in the State penitentiary.

The defendant appealed upon exceptions, the first of which is as follows: 1. "Because his Honor erred in ordering the juror, John E. Brownlee, to stand aside, on the ground that he was opposed to capital punishment, the same not being a capital felony, and the defendant having exhausted his challenges before the said juror was called." The following statement appears in the case: "While the jury was being empanelled, and after the defendant had exhausted his challenges, John E. Brownlee, one of the jurymen in attendance upon the Court, was called to the book, and upon request of the acting solicitor was examined by the Court upon his *voir dire.* In answer to questions by the Judge, the juror stated that he was opposed to capital punishment, and was about to be ordered to stand aside, when his attorneys objected, and stated to the Court that the defendant was not being tried for a capital felony, and, therefore, the fact that the juror was opposed to capital punishment was not sufficient ground to stand him aside. The presiding Judge stated that it was a capital offense, and ordered the juror to stand aside." Section 140 of the Code of Criminal Procedure is as follows: "The willful and malicious setting fire to or burning any house, of whatever name or kind, within the curtilage or common enclosure of any house or room, wherein persons habitually sleep, whereby any such dwelling houses or sleeping apartment shall be endangered; * * * the person seting fire to or burning any such house as aforesaid * * * shall, upon conviction, suffer death by hanging, in the same form, and manner as is now provided by law for willful murder: *Provided, however*, That in each case, when the prisoner is found guilty, the jury may find a special verdict, recommending him to the mercy of the Court, whereupon the punishment shall be imprisonment in the penitentiary, with hard labor, for a term not less than ten years." This section, however, is to be construed in connection with section 143, Code of Criminal Procedure, which is as follows: "With respect to the crimes of burglary and arson and to

all criminal offenses, which are constituted or aggravated by being committed in a dwelling house, any house, out-house, apartment, building, erection, shed or box, in which there sleeps a proprietor, tenant, watchman, clerk, laborer or person who lodges there, with a view to the protection of property, shall be deemed a dwelling house; and of such a dwelling house or of any other dwelling house, out-houses, buildings, sheds, and erections, which are within 200 yards of it and appurtenant to it, or the same establishment of which it is an appurtenance, shall be deemed parcels." These sections show that the willful and malicious setting fire to or burning the dwelling house, or any of the houses, &c., just mentioned, constitutes the same crime. The word dwelling house embraces all the houses, &c., aforesaid which are made parcels thereof. It would be a strained construction to hold that the willful and malicious setting fire to or burning the parcel of a dwelling house would be arson, and that it would not be arson to burn the dwelling house itself. This exception is, therefore, over-ruled.

The second and third exceptions are as follows: II. "Because his Honor erred in refusing to charge the jury, at the request of the defendant, in the following words: 'That arson is an offense against the security of the habitation, and re-gards the possession rather than the property. The house must not, therefore, be described as the house of the owner of the fee, if, in fact, at the time, another has the actual occupancy; but it must be described as the dwelling house of him whose dwelling it then is.' III. Because his Honor erred in refusing to charge the jury, at the request of the defendant, in the following words: 'That if the jury believe from the evidence that at the time the dwelling house in question was burnt, it was not occupied as a dwelling house by S. L. Morris, named in the indictment as the owner, but was so occupied by some one else, then they must acquit the defendant.'" Arson and burglary are both crimes against the *habitation*, and what was

said by Mr. Chief Justice McIver, in the case of *State* v. *Trapp*, 17 S. C., 467, which was a case of burglary, is applicable to this case, to wit: "So far as we can perceive, there are only two reasons for requiring the ownership of the house to be stated in an indictment for burglary: 1st. For the purpose of showing on the record that the house alleged to have been broken into was not the dwelling house of the accused, inasmuch as one cannot commit the offense of burglary by breaking into his own house. 2d. For the purpose of so identifying the offense as to protect the accused from a second prosecution for the same offense. Hence when the ownership is alleged to be in a person who is not the accused, and that allegation is proved upon the trial, the reasons of this requirement seem to be fully met." This view is sustained by the case of *State* v. *Copeland*, 46 S. C., 13, which was a case of arson. The indictment may allege the dwelling house to be that of the person occupying it as such or of the real owner thereof. These exceptions are, therefore, overruled.

The fourth exception is as follows: "Because his Honor erred in charging the jury as follows: 'The question of title cannot enter into it. It is not for you to try whether it was the dwelling house of A or B, but is it the dwelling house of another person? Arson is the burning of a dwelling house of some other person, and you are not to try the question of property. Is it the dwelling house of some other person, or is it the dwelling house of the person named in the indictment? The indictment can be framed by naming either the tenant or the owner of it in fee simple title, if the owner is not living there, but is elsewhere.'" The case shows that the title of the property is admitted to be in S. L. Morris; furthermore, when the charge is considered as a whole, it is evident that it conformed to the views which are herein announced. This exception is also overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.