8928

STATE v. MITCHELL.

(82 S. E. 676.)

CRIMINAL PROCEDURE. FORMER JEOPARDY.

An acquittal on an indictment for burglariously breaking and entering a dwelling house in the nighttime with intent to steal certain goods, is a bar to a subsequent indictment for entering, without breaking, the same house at the same time with intent to steal the same goods.

Before BOWMAN, J., Abbeville, February, 1914. Reversed.

Bob Mitchell, being convicted of entering a dwelling house in the nighttime, without breaking, with intent to steal, appeals. The facts are stated in the opinion.

*Mr. Wm. N. Graydon,* for appellant, cites: Bishop Crim. Law, sec. 342, 559, 1057, 1064; 24 Conn. 57; Const. 1895, art. I, sec. 17; 46 S. C. 13; 65 S. C. 187.

*Mr. Solicitor Cooper,* for respondent.

August 29, 1914.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The defendant was indicted and tried at the February, 1914, term of the Court of General Sessions for Abbeville county for burglary.   The indictment charging him with breaking and entering the house of Charles Manning, in the nighttime, with intent to steal the goods and chattels of the said Charles Manning.   At the conclusion of the testimony the evidence showing the house was not broken into, the Court on defendant's motion, directed the jury to find a verdict of "not guilty," which was done.   The Solicitor then handed out another bill of indictment, charging the defendant with entering the house of the said Charles Manning, without breaking, with intent to steal the goods and chattels of the said Manning.   A true bill was returned by the grand jury, and the defendant again put on trial. Upon being called upon to plead, the defendant plead former acquittal, upon the ground that having been indicted for breaking and entering the house of Manning, with intent to steal the goods and chattels of Manning, and having been acquitted of that charge, he could not again be tried for entering the house of Manning with intent to steal his goods and chattels.   This plea was overruled, and the defendant was put on trial, and convicted and sentenced. A motion was made at close of the evidence by defendant for a direction of verdict on the ground there was no evidence to warrant a conviction.   After sentence defendant appealed on various grounds, none of which are necessary for this Court to consider except the plea of former acquittal.   His Honor was in error in overruling this plea. Article I of sec. 17 of the Constitution of 1895 provides that: "Nor shall any person be subject for the same offense to be twice put in jeopardy of life or liberty."   The defendant having been tried and acquitted on the charge of breaking and entering the dwelling house of Charles Manning, in

the nighttime, with intent to steal his goods and chattels, could not again be tried and convicted of entering the same house of the same man at the same time, without breaking, with intent to steal his goods and chattels, without violating this provision of the Constitution. *State* v. *Copeland,* 46 S. C. 14, 23 S. E. 980; *State* v. *Richardson,* 47 S. C. 166, 35 L. R. A. 238, 25 S. E. 220; *State* v. *Switzer,* 65 S. C. 187, 43 S. E. 513; *State* v. *Puckett,* 95 S. C. 114, 78 S. E. 737, 46 L. R. A. (N. S.) 999.

His Honor should have sustained the plea of former jeopardy and acquittal, and erred in not so doing.

Judgment reversed.

MR. JUSTICE HYDRICK dissents.