## 12313

### STATE v. ALFORD

### (140 S. E., 261)

1. BURGLARY—HOUSEBREAKING IS CRIME AGAINST POSSESSION RATHER THAN PROPERTY (CR. CODE, 1922, § 33).—Housebreaking, denounced by Cr. Code, 1922, § 33, is a crime against possession, and not against property.

2. BURGLARY—HOUSEBREAKING INDICTMENT MAY ALLEGE THE HOUSE TO BE THAT OF ITS OCCUPANT.—Indictment for housebreaking may properly allege the house broken into to be the property of the person who occupies it.

3. BURGLARY—VARIANCE BETWEEN HOUSEBREAKING INDICTMENT, ALLEG-
ING OWNERSHIP IN ONE AND PROOF OF OWNERSHIP IN ANOTHER AND
OCCUPANCY IN THIRD PERSON, HELD FATAL.—There is fatal variance
between indictment alleging the breaking of the storehouse of A.
and proof that it was owned by J. and occupied by B.

Before BONHAM, J., Horry, March, 1927. Reversed.

Leon Alford was convicted of housebreaking, and ap-
peals.

*Messrs. Ford & Suggs,* for appellant, cite: *Fatal vari-
ance between the allegations of indictment and the proof:*
11 S. E., 642; 70 S. C., 430; 13 S. C., 166. *The ownership
of the building is an essential allegation in charging the of-
fense of burglary:* 85 S. C., 278; 4 R. C. L., 432, 434; 14
R. C. L., 206.

*Solicitor L. M. Gasque* for respondent.

November 14, 1927.

The opinion of the Court was delivered by MR. JUSTICE
BLEASE.

Leon Alford was convicted and sentenced in the Court
of General Sessions for Horry County for the crime of
housebreaking, and he has appealed to this Court.

The two exceptions, which may be considered together,
charge error in the refusal of the trial Judge, Hon. M. L.
Bonham, to grant the defendant's motion for a directed
verdict of acquittal. The indictment alleged that the de-
fendant, "with force and arms at Conway in the county
and State aforesaid, the storehouse of one A. Bell there
situate, feloniously did break and enter with intent the
goods and chattels of A. Bell in the said storehouse then
and there being found, then and there unlawfully to steal,
take and carry away."

The undisputed evidence showed that the storehouse
alleged to have been broken and entered, was owned by
Mrs. J. E. Bell; that it was occupied by Bayboro Shop
Company, a mercantile corporation, which also owned the

goods therein. The defendant claimed that there was a fatal variance in the allegations of the indictment, and the proof as to the ownership and occupancy of the storehouse and the goods located therein.

The trial Judge held that housebreaking was a crime against the habitation—a crime against possession, rather than against property. We are not advised of a case in our reports which directly sustains this holding, but we think the law announced was correct. Housebreaking, as a crime, is very similar to the crime of burglary. Our statute that makes housebreaking a felony (Section 33, Vol. 2, Code 1922) was evidently passed to cover wrongdoing, which could not properly be held to be burglary. Burglary and arson are crimes against possession and not against property. *State v. Copeland,* 46 S. C., 13; 23 S. E., 980. *State v. Carter,* 49 S. C., 265; 27 S. E., 106. *State v. Trapp,* 17 S. C., 467; 43 Am. Rep., 614. "An indictment for arson may allege the dwelling house to be that of the person occupying it as such, or of the real owner." Syllabus, *State v. Carter, supra.*

It is our opinion that indictments for the crimes of burglary and housebreaking may also properly allege the house burglarized, or broken into, to be that of the person who occupies it.

While the Circuit Judge correctly held that the indictment in the case at bar could allege the storehouse as being owned or in the possession of the tenant, or occupant of the same, instead of in the name of the real owner, we think the defendant was entitled to a directed verdict, since there was no proof that A. Bell, the person named in the indictment, was either the owner or had lawful possession of the storehouse. If the indictment had charged the occupant of the storehouse to have been Bayboro Shop Company, the situation would have been entirely different.

The State relies upon the case of *State v. Trapp,* 17 S. C., 467; 43 Am. Rep., 614, to sustain the judgment below. On consideration of that case, we think it sustains the contention of the appellant. In that case, Mr. Justice McIver, speaking for the Court, said this:

"So far as we can perceive, there are only two reasons for requiring the ownership of the house to be stated in an indictment for burglary: First: For the purpose of showing on the record that the house alleged to have been broken into, was not the dwelling house of the accused, inasmuch as one cannot commit the offense of burglary by breaking into his own house. Second: For the purpose of so identifying the offense, as to protect the accused from a second prosecution for the same offense. *Hence, when the ownership is alleged to be in a person who is not the accused, and that allegation is proved upon the trial, the reasons of this requirement seem to be fully met."* (Italics added.)

While the ownership of the house in this case was "alleged to be in a person who is not the accused," it being alleged that the ownership was A. Bell, that allegation was not proved upon the trial.

The judgment of this Court is that the judgment below be reversed, with instructions that a verdict of not guilty on the indictment in this case be entered up in favor of the appellant.

MR. CHIEF JUSTICE WATTS and MESSRS. COTHRAN, STABLER, and CARTER concur.