16836

STATE v. MILLER

(80 S. E. (2d) 354)

*Messrs. James W. Workman,* of Union, and *Thomas B. Hamilton,* of Chester, *for Appellant,*

*Robert W. Hemphill, Esq., Solicitor,* of Chester, *for Respondent,*

February 23, 1954.

BAKER, Chief Justice.

The appellant and one Ralph Bolin were indicted at the January, 1953, term of the General Sessions Court for Chester County, South Carolina, upon two indictments. Indictment number 17 contained four counts and charged appellant and Bolin with a conspiracy to break and enter

Manetta Mills Store and Manetta Mills Office at Lando, South Carolina; housebreaking into the office and store of Manetta Mills; larceny of the goods of Manetta Mills, and others; and malicious injury to the personal property of Manetta Mills. Indictment number 18 containing two counts charged Bolin and the appellant with housebreaking and entering the Post Office of the United States at Lando, South Carolina, and with larceny of $65.00 belonging to the United States Government. The United States Post Office at Lando was an enclosure in the center portion of the Manetta Mills Store building, which building also housed the Manetta Mills Office.

At the January term, as aforesaid, Bolin pleaded guilty to indictment number 17, while appellant pleaded not guilty, and was tried and acquitted.

Thereafter, during February, appellant filed a petition for a *Writ of Habeas Corpus* seeking his discharge upon the grounds that to hold him for trial upon the charge as set forth in the indictment number 18 constituted double jeopardy and alleging former acquittal of the offense therein charged. This Court, in its order dated February 10, 1953, denied appellant's petition without prejudice to him to interpose any defenses at the time of trial, including that of *autrefois acquit* and double jeopardy.

At the March, 1953, term of the Court of General Sessions for Chester County, appellant entered a special plea of *autrefois acquit* by reason of the trial and acquittal on indictment 17, and asked that by reason thereof he be discharged, lest he be placed twice in jeopardy by being tried on indictment number 18. To this special plea, the Solicitor, on behalf of the State, demurred, and Judge Lewis sustained the demurrer. The defendant thereupon entered a plea of not guilty, proceded to trial, and was convicted. Both appellant and Bolin, who had pleaded guilty, were sentenced. The appellant was sentenced to imprisonment for a term of five years on the first count, that of housebreaking, and to a term

of seven years on the second count, that of grand larceny, the sentence on the second count to run concurrently with that on the first.

The appellant has appealed to this Court upon seven exceptions, all of which deal with the failure of the Trial Judge to sustain the plea of *autrefois acquit,* and former jeopardy. He has also appealed from the order of Honorable J. Woodrow Lewis, Trial Judge, settling the case on appeal, and sets forth four exceptions to this order.

According to the diagram of the premises, which is a part of the record, the wire-enclosed Post Office is situate in the central portion of the building which houses the Manetta Mills Store and the Manetta Mills Office. In the trial at the January term of court on indictment number 17, the testimony was to the effect that entry had been gained through the door on the south or southwest side of the building, thereby entering into Manetta Mills Store. Testimony was further to the effect that the defendants, Bolin and Miller, had forced an entry into the wire-enclosed Post Office, the door to which was locked, and had entered the safe therein and removed certain contents therefrom. This testimony went further to show that entry had been made into the store office safe and certain funds were stolen therefrom, along with certain papers and other valuables from the safe of the Manetta Mills office. It was upon this trial that the appellant was acquitted.

It is the contention of the appellant that the acquittal in this trial, wherein the indictment in paragraph two (2) charged the offense of housebreaking and entering the Manetta Mills office and store, was in effect an acquittal of any offense involving entry into the United States Post Office at Lando, South Carolina. He contends that since the United States Post Office cannot be entered without first entering the said Manetta Mills Store building, and he having been found not guilty of breaking and entering the Manetta Mills Store building, he cannot possibly be found

guilty of breaking and entering the United States Post Office. It is further the position of appellant that the trial in the first instance upon count number 3 in indictment number 17 charging him with the stealing of goods and chattels of Manetta Mills, a South Carolina corporation, "and of others," included a trial for, and acquittal of, the offense of stealing the goods and chattels of the United States Government from the Post Office at Lando, South Carolina.

The Constitution of the State of South Carolina of 1895, Article 1, § 17, reads as follows: "Nor shall any person be subject for the same offense to be twice put in jeopardy of life or liberty * * *." This is the constitutional provision that appellant would invoke here. In the very early cases of *State v. Sönnerkalb,* 11 S. C. L. 280, 2 Nott. & McC. 280, and *State v. Taylor,* 18 S. C. L. 49, 2 Bailey 49, and *State v. Glasgow,* 23 S. C. L. 40, Dud. 40, it was held that the test by which the question of former jeopardy would be determined was whether the facts alleged in the second indictment or the evidence necessary to support the same would have been sufficient to procure or sustain a legal conviction upon the first indictment. Mr. Justice Cothran, in his opinion in *State v. Corbitt,* 117 S. C. 356, 109 S. E. 133, 20 A. L. R. 328, Exhaustively notes the South Carolina cases on the subject including the cases of *State v. Fife,* 17 S. C. L. 17, 1 Bailey 1; *State ex rel. Burton v. Williams,* 11 S. C. 288; *State v. Taylor, supra; State v. Thurston,* 27 S. C. L. 382, 2 McMul. 382; *State v. Switzer,* 65 S. C. 187, 43 S. E. 513; *State v. Van Buren,* 86 S. C. 297, 68 S. E. 568; *State v. Rodgers,* 100 S. C. 77, 84 S. E. 304; *State v. Jenkins,* 20 S. C. 351; *State v. Parish,* 42 S. C. L. 322, 8 Rich. 322; *State v. DeWees,* 76 S. C. 72, .75, 56 S. E. 674, 675, 11 Ann. Cas. 991.

In *State v. Corbitt, supra,* the defendant had been tried for the murder of one of three persons who had been killed or who had come to their death on the same date. Under the admitted facts, the defendant Corbitt

was in his front yard when the three persons advanced upon him. He fired several times with an automatic revolver, shooting at all of the men but not aiming at any particular one, and as a result thereof the three men were killed. The questions to be resolved were (1) were the three homicides a single act on the part of the defendant, and (2) if the three homicides were a single act on the part of the defendant, was he entitled to claim that the act constituted but one offense? The first question was concluded by the Court in the negative, it thereby deciding that the act which killed the first victim was not physically the same act which took the life of the second victim. Upon the second question a considerable discourse was had and the Court therein noted that there was a diversity of opinion, it being noted that South Carolina was recognized as not being among those jurisdictions holding that if several persons are injured in person or property by the same act there is but one offense. The determination of the Court was that two offenses, that is to say, the first offense as against the second offense, in order to constitute double jeopardy must be identical both with regard to matters of law and as to fact, and that since there was one distinct crime alleged in the killing of Bryan Salley and another in the killing of Julian Cooper, there was no identity of the offenses, in law. Herein we believe lies the distinction and the key to the solution in the instant case. The offense of housebreaking is an offense against possession. See *State v. Alford,* 142 S. C. 43, 44, 140 S. E. 261. Although it is true that the Post Office Lando was owned by the Manetta Mills Corporation in the sense that it held title to the property, this portion of the building was leased to the United States Government and it had the right of possession. It was against this right of possession that the offense of housebreaking was committed, and by reason thereof the acquittal upon the second count in indictment number 17 for the housebreaking and entering of the Manetta Mills Store and Manetta Mills Office is not a bar to a trial upon the first count in indictment number 18 for

the housebreaking and entry into the United States Post Office at Lando. In no sense of the word could it be said that proof of the housebreaking and entry into the Post Office at Lando would sustain a conviction upon the indictment for the housebreaking and entry into the Manetta Mills and Manetta Mills Corporation. The fact that the Post Office could not be entered without the Manetta Mills Store building having been first entered does not change the situation. In the *Corbitt case, supra,* great portions of the evidence with regard to the homicide of the first victim were similar to the testimony which would be required on the trial for the homicide of the second victim. As above stated, the Court there pointed out that the prohibition against a second prosecution is against a prosecution for the same offense, that it is the identity of the offense and not the act that is looked to.

The respondent, in its excellent brief in this cause, cites the case of *Burton v. U. S.,* 202 U. S. 344, 26 S. Ct. 688, 698, 50 L. Ed. 1057, at page 1071 in which will be found the following: "A plea of *autrefois acquit* must be upon a prosecution 'for the same identical offense. 4 Bl. Com. 336. It must appear that the offense charged, using the words of Chief Justice Shaw, 'was the same in law and in fact. The plea will be vicious if the offenses charged in the two indictments be perfectly distinct in point of law, however nearly they may be connected in fact.' *Com. v. Roby,* 12 Pick.[496] 502." It, therefore, appears that the act of the Trial Judge in sustaining the demurrer to the plea of the appellant of *autrefois acquit* was correct in so far as the housebreaking charge contained in the first count of indictment number 18 and that the proceedings which followed the same are valid. The case of *State v. Mitchell,* 98 S. C. 474, 82 S. E. 676, relied upon by appellant, has not been overlooked. In that case it was held an acquittal on an indictment for burglariously breaking and entering a dwelling house in the nighttime, with intent to steal certain goods, was a bar to a subsequent indictment

for entering, without breaking, the same house at the same time, with intent to steal the same goods. In that case, however, the house in both the first indictment and in the second indictment was owned by the same person and the goods referred to in each indictment also belonged to the same person.

If the same test as has been above set forth is applied to the second count of indictment number 18, which charges that the appellant did feloniously take, steal, and carry away the $65.00 in money of the United States Government, it will be seen that the demurrer should have been overruled and the plea of the appellant sustained. The third count of the indictment number 17 upon which appellant was tried and acquitted, charged him with the larceny of the goods and chattels of Manetta Mills, a South Carolina corporation, *"and of others."* Here the offenses are identical both in law and in fact. The evidence that appellant committed a theft of the $65.00 of the United States Government, the offense with which he is charged in count two of indictment number 18, could have sustained a conviction upon count three of indictment number 17. This is true by reason of the use of the words, *"and of others"* in indictment number 17. That is to say, that upon the indictment charging the appellant with the larceny of the proper goods and chattels of Manetta Mills, a South Carolina corporation, *"and of others,"* testimony that the appellant had stolen $65.00 in money belonging to the United States Government would have sustained a conviction. Both in fact and in law the offenses are the same. Both are crimes against possession. The United States Government rightfully falls within the classification *"and of others"* as mentioned in count number three of indictment number 17 and, therefore, such evidence would have sustained a conviction on this indictment.

It follows that the lower Court should have sustained the plea of the appellant of *autrefois acquit* as to count number two of indictment number 18. The ensuing conviction and

sentence upon this count must, for the foregoing reasons, be set aside.

It will serve no purpose to decide appellant's exceptions to the settling of the case for appeal.

Affirmed in part; reversed in part.

STUKES, TAYLOR and OXNER, JJ., and Moss, Acting Associate Justice, concur.