Argued November 20, affirmed December 23, 1970

STATE OF OREGON, *Respondent, v.* (Nos. C-55373 and C-55374) DALE EDWARD CASEY, *Appellant.*

478 P2d 414

*Billy L. Williamson*, Portland, argued the cause and filed the brief for appellant.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and BRANCHFIELD, Judges.

SCHWAB, C. J.

Defendant was charged under two separate indictments with burglary not in a dwelling in violation of ORS 164.240. The charges were consolidated and upon trial by jury the defendant was convicted of both burglaries.

On appeal defendant contends that: (1) he could be convicted of only one crime because both burglaries took place in the same building; (2) evidence of other crimes was improperly admitted; (3) Oregon's "knock and announce" rule, ORS 133.320, ORS 141.110, was violated; and (4) an instruction that 10 of 12 jurors could convict was error.

In June 1969, a barber shop located at 2403 N.E. Union Avenue in Portland, Oregon, and a dry-cleaning establishment located at 2405 N.E. Union Avenue, Portland, were entered by force through their separate doors. The two businesses were located in the same building. Articles of value were taken from each business. A taxicab was summoned to the burglary scene.

The driver helped the defendant load the cab with clothes and a laundry bag and transported him to a motel where the defendant and a woman who was there put the articles into their room. Later that day the cab driver noticed police officers examining a broken window at the scene of the burglaries and told them about his experience with the defendant. The police obtained a search warrant for the motel room. The defendant and the woman who had been at the motel were asleep in bed, and the stolen items were found on the floor. The police did not knock, but had the motel manager open the door for them.

■ The defendant's contention that he could not have been convicted of two burglaries because the businesses were in one building has no merit. Burglary is not an offense against a building as such, but an offense against the security of the habitation or premises therein. See Clark & Marshall, Crimes 985, § 13.01 (7th ed 1967). There may be several premises subject to being burglarized under the same roof. See Perkins, Criminal Law 201-202 (2d ed 1969). The burglary of several such premises at approximately the same time constitutes not one offense, but several, and a defendant may be prosecuted for all such offenses, e.g., *The People v. Mendelson*, 264 Ill 453, 106 NE 249 (1914); *State v. Miller*, 225 SC 21, 80 SE2d 354 (1954). In support of his argument defendant cites *State v. Gratz*, 254 Or 474, 461 P2d 829 (1969); however, the reasoning of that case supports the state's argument, not the defendant's. In *Gratz* the court held that robbery of several persons at the same time and place constituted multiple offenses and could be charged in separate counts of the same indictment.

Defendant's contention that evidence of other crimes was improperly admitted arises out of testimony of the taxi driver, the police officers, and the woman who was in the motel with him. The taxi driver testified that when he saw the woman at the motel to which he had taken the defendant, she was "out of it," "she was staggering, she was incoherent," and "wasn't aware of what was going on." On cross-examination, he testified that he could not say what was wrong with her. Defendant argues that this testimony suggested the presence of drugs. Any imputation from this testimony that the defendant was guilty of other crimes is, at the least, remote.

■ The two police officers who entered the defendant's motel room testified only that the defendant and the woman were in bed together, that both appeared "high on either pills or some other stimulant," "drousy [sic]," and "possibly under the influence of a drug or alcohol." While this testimony may be more suggestive of the presence of drugs than was the cab driver's, it was not improper for the officers to describe what they observed upon entering the motel room. In any event, any possible prejudice resulting from the remote suggestion that the defendant illegally possessed drugs of some kind was corrected by the trial court's prompt and emphatic instruction to the jury:

"THE COURT: The question and answer will be stricken and the jury will be instructed to disregard it. The charge here, ladies and gentlemen, is a charge of burglary and the Defendant isn't being charged with any narcotics offense or narcotics violation. So, you should put that out of your mind entirely."

The prompt striking of prejudicial matter and an

unequivocal instruction to disregard it are normally sufficient to prevent any possible prejudice from arising inasmuch as it may be presumed that the jury can and will follow such an instruction. See, e.g., *State v. Smith*, 4 Or App 261, 478 P2d 417 (1970) and *State v. Glisan*, 2 Or App 314, 465 P2d 253, 468 P2d 653 (1970). Nothing about this case justifies a departure from this general rule.

■ The final question of which defendant complains was put, on cross-examination, to the woman found in the motel with him. The prosecutor asked her if either she or defendant had taken any kind of a pill that night. Defendant's objection to this question was properly sustained as to himself and properly overruled as to the witness. As to her, of course, the question was proper impeachment relating to her capacity to observe the events about which she had testified on defendant's behalf. *See,* e.g., McCormick, Evidence 98, § 45 (1954). In any event, defendant was not harmed by her negative response.

Under these circumstances, the incidental references to drugs in the testimony of the state's witnesses and the impeachment question asked a defense witness do not constitute improper evidence of another crime. Whatever minimal prejudice might otherwise have resulted was neutralized by the court's corrective instruction.

■ Defendant admits that he made no objection in the trial court with regard to the alleged violation of the "knock and announce" rule. Questions not raised in the trial court will not be considered on appeal in the absence of exceptional circumstances. This rule is fully applicable to assignments of error predicated on the failure of police to knock and state their busi-

ness before entering. *State v. Johnson,* 253 Or 416, 454 P2d 852 (1969); *State v. Hollman,* 251 Or 416, 446 P2d 117 (1968).

There is no need to again discuss the issue raised in defendant's last assignment of error. See *State v. Gann,* 254 Or 549, 463 P2d 570 (1969).

Affirmed.