KLEIN, Judge.
Defendant, who was charged with 18 counts of burglary of a structure, as a result of breaking into businesses operating within an enclosed mall, argued to the trial court that he should only have been charged with one count. After the trial court rejected his position defendant pled nolo contendere, reserving his right to appeal the issue. We affirm the conviction, but reverse the sentence.
On defendant’s motion to strike, or dismiss all but one count of the burglary charges, the parties stipulated that the state alleged that on one occasion the defendant entered a structure known as the Orange Blossom Mall and entered 17 separate businesses wholly contained under the mall’s single roof. The businesses were each completely enclosed and secured separate and distinct from the other businesses, were occupied by distinct lessors, and were separate and distinct from the common area of the mall. The businesses shared a common roof and the common area of the mall.
Defendant argues that he should only have been charged with one count of burglary of a structure because only one structure was burglarized. Section 810.02(1), Florida Statutes (1991) defines burglary as follows:
“Burglary” means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.
Section 810.011(1), Florida Statutes (1991) defines structure as follows:
“Structure” means a building of any kind, either temporary or permanent, which has a roof over it, together with curtilage thereof.
Defendant argues that the mall meets the definition of structure, and therefore the individual stores cannot constitute structures. Although the question is one of first impression in Florida, we have no difficulty concluding that the individual stores in the mall are structures. Defendant has cited no authority for the proposition that burglarizing individual premises cannot support individual charges because the premises share the same roof. Nor is our statute, which defines a structure as a “building of any kind ... which has a roof over it,” susceptible of the interpretation the defendant places on it. The fact that the entire mall might constitute a structure under the statute does not mean that stores within the mall are not structures as well.
In State v. Ortega, 86 N.M. 350, 524 P.2d 522 (Ct.App.1974), defendants burglarized two storage lockers rented to different people in the same building. New Mexico’s burglary statute defined burglary as the “unauthorized entry of any ... dwelling” with the intent to commit any felony or theft therein. The court concluded that the burglary of more than one business in one building subjects the defendant to prosecution for multiple offenses, citing State v. Casey, 4 Or.App. 243, 478 P.2d 414, 415 (1970). In Casey the court stated:
The defendant’s contention that he could not have been convicted of two burglaries because the businesses were in one building has no merit. Burglary is not an offense against a building as such, but an offense against the security of the habitation or premises therein. See Clark & Marshall, Crimes 985, § 13.01 (7th ed. 1967). There may be several premises subject to being burglarized under the same roof. See Perkins, Criminal Law 201-202 (2d ed. 1969). The burglary of several such premises at approximately the same time constitutes not one offense, but several, and a defendant may be prosecuted for all such offenses, e.g., People v. Mendelson, 264 Ill. 453, 106 N.E. 249 (1914); State v. Miller, 225 S.C. 21, 80 S.E.2d 354 (1954).
We therefore affirm the trial court’s denial of defendant’s motion to strike or dismiss the multiple burglary counts.
*138 Defendant also argues that the trial court erred in that his total sentence exceeds the statutory maximum for a youthful offender. We agree and therefore reverse and remand for resentencing in accordance with the youthful offender statute.
DELL, C.J., and ANSTEAD, J., concur.