PER CURIAM.
Appellant, Larry Williams, challenges the trial court’s denial of his motions for *529 post-conviction relief after an evidentiary hearing. We affirm the trial court’s denial of Appellant’s motions with the exception of Appellant’s claim that his convictions for burglary of a structure and for burglary of a structure with an assault violate double jeopardy. This Court has held that double jeopardy was violated when the defendant was convicted of two counts of burglary of the same structure. See Henry v. State, 707 So.2d 370, 371 (Fla. 1st DCA 1998) (holding that the prohibition against double jeopardy was violated when the defendant was convicted of two counts of burglary of a structure for entering a trailer and for entering the curtilage of surrounding trailers). However, under some circumstances multiple convictions of burglary of a structure may be permitted. See Smith v. State, 632 So.2d 136, 137 (Fla. 4th DCA 1994) (affirming the defendant’s convictions for eighteen counts of burglary of a structure for entering a mall and entering seventeen separate business entities under the mail’s single roof). Because the trial court did not fully explain its reasoning for denying Appellant’s double jeopardy claim, and because there is insufficient evidence in the record to determine the facts underlying the charges, we cannot determine whether a double jeopardy violation has occurred. We, therefore, reverse the denial of this claim and remand for an evidentiary hearing to determine whether Appellant is entitled to relief on this claim.
AFFIRMED in part, REVERSED in part, and REMANDED.
VAN NORTWICK, ROWE, and MAKAR, JJ., concur.