IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

K.H., a child,

      Appellant,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

v.

CASE NO. 1D15-4126

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 11, 2016.

An appeal from the Circuit Court for Leon County.
Charles Dodson, Judge.

Nancy A. Daniels, Public Defender, and Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

     AFFIRMED.

WOLF and ROWE, JJ., CONCUR; MAKAR, J., CONCURS WITH OPINION.

MAKAR, J., concurring.

At around 10:30 p.m., video cameras caught K.H., a juvenile, vaulting the counter of a Watches Plus kiosk located in the middle of the main hallway at the Tallahassee Mall, stealing three cell phones, three $2.00 bills and some postage stamps. He claims he could not have committed the crime of burglary of a structure—for which adjudication was withheld and probation imposed—because the kiosk was not a "structure," which is defined as "a building of any kind, either temporary or permanent, which has a roof over it, together with the curtilage thereof." § 810.011(1), Fla. Stat. (2014). A plain reading of the statute requires only that a temporary building, such as the kiosk at issue, have "a roof over it," which in this case is the roof over the entire enclosed mall's footprint. See Smith v. State, 632 So. 2d 136, 137 (Fla. 4th DCA 1994) (upholding eighteen convictions for burglary of a structure where defendant broke into seventeen separate businesses that "shared a common roof and the common area of the mall"). As a contrast, if the statute more narrowly defined structure as a building "which has a roof," the kiosk at issue might not qualify because it lacks its own attached roof. Likewise, a kiosk in an open-air market or bazaar without a "roof over it" might not qualify under the existing statute; a portable structure with its own umbrella, canopy, or sunshade presents a further variation for statutory interpretation.

2

Because the kiosk at issue had a roof over it at the time of the burglary, I agree that affirmance is proper.