**SECOND DIVISION
MILLER, P. J.,
ELLINGTON, P. J., and ANDREWS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 30, 2018**

# In the Court of Appeals of Georgia

A18A0903. CORDLE v. THE STATE.

ANDREWS, Judge.

Following a jury trial, Edward Scott Cordle was convicted of two counts of burglary. Cordle appeals, asserting that his convictions should have been merged for purposes of sentencing. We affirm.

On appeal from a criminal conviction, we construe the evidence in the light most favorable to the jury's verdict. See *Coates v. State*, 342 Ga. App. 148 (802 SE2d 65) (2017). So viewed, the evidence shows that on December 18, 1997, the police responded to reported burglaries at the Big C Coin Laundry and a hair salon known as the Professional Hair Center in Walker County. Both businesses were located inside the same building, separated by a wall with windows and a door. Police

discovered broken windows leading to each business, as well as blood on the shattered glass and the floor.

Forensic testing connected the blood recovered at the scene to Cordle. A latent fingerprint taken from a piece of broken glass also matched Cordle's right thumb print. The police interviewed Cordle, who admitted breaking into both businesses and removing property from the hair salon. Based on the evidence presented, the jury found Cordle guilty of two counts of burglary, one involving the coin laundry, and the second involving the hair salon.

In his sole enumeration of error on appeal, Cordle argues that because both burglaries occurred in the same building, "the rule of lenity and the prohibition against double jeopardy" required the trial court to merge the convictions and sentence him on only one count. As we recently noted:

> The question of multiple punishments (as opposed to multiple prosecutions) for the same criminal conduct is addressed under the rubric of substantive double jeopardy. Whether multiple punishment is permissible requires examination of the legislative intent underlying the criminal statute. It is for the legislature to determine to what extent certain criminal conduct has demonstrated more serious criminal interest and damaged society and to what extent it should be punished. Typically, the question is whether the same conduct may be punished under different criminal statutes. In that situation, it is appropriate to

2

apply the "required evidence" test. However, a different question is presented here: whether a course of conduct can result in multiple violations of the same statute. That question requires a determination of the "unit of prosecution," or the precise act or conduct that is being criminalized under the statute.

*Coates,* 342 Ga. App. at 149 (citations and punctuation omitted).

In determining the precise conduct criminalized by a particular statute, we look to the statutory language itself. See id. If the conduct or "unit of prosecution" is clear and unambiguous from the statutory text, "we attribute to the statute its plain meaning, and our search for statutory meaning is at an end." Id. (citations and punctuation omitted). But "if the legislature's choice of the unit of prosecution is unclear from the statutory text, the ambiguous statute must be construed strictly against the State so as to impose the lesser punishment." Id. (citation omitted).

Pursuant to the burglary statute in effect at the time of the crimes, "[a] person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within . . . any building . . . or any room or any part thereof." Former OCGA § 16-7-1 (a).[1] According to Cordle, this

---

[1] The Georgia General Assembly amended OCGA § 16-7-1 in 2012. See Ga. L. 2012, pp. 899, 907, § 3-1 (a). The amendment became effective on July 1, 2012, and provided that "[a]ny offense occurring before July 1, 2012, shall be governed by

3

language does not clearly establish "whether the legislature intended for a person to be convicted of burglary twice for entering one building that contained two businesses." He thus argues that the statute is ambiguous, requiring us to construe it in favor of merger.

We find no merit in Cordle's strained interpretation of the burglary statute. Pursuant to its plain language, the statute prohibits an individual harboring the requisite intent from entering or remaining within any building or portion of a building without proper authority. Our courts have interpreted the word "building" broadly, refusing to limit the term to "buildings of any particular type or in any particular condition." *Smith v. State*, 226 Ga. App. 9, 11 (485 SE2d 572) (1997). And by extending the statute to "any room or any part" of a building, the legislature demonstrated that external physical structures do not necessarily govern the burglary analysis. See former OCGA § 16-7-1 (a).

The indictment charged – and the jury found – that Cordle separately entered two distinct businesses with the intent to commit theft inside each shop. The businesses were operated and controlled by different individuals, neither of whom

the statute in effect at the time of such offense." See Ga. L. 2012, pp. 899, 949, § 9-1 (a).

authorized Cordle's entry. Furthermore, although housed within the same overall structure, the coin laundry and beauty salon occupied different areas, were separated by a wall, and had doors leading to the outside. Given these circumstances, we have no doubt that the legislature intended to punish each of these unauthorized entries. To find otherwise would ignore the disparate nature of the entries, as well as the plain statutory language. Simply put, two criminal violations occurred here. See *Spears v. State*, 296 Ga. 598, 602 (2) (769 SE2d 337) (2015) (under facts of case, two entries into same house "constituted two separate violations of the burglary statute," authorizing sentencing on both counts); compare *Lucas v. State*, 328 Ga. App. 741, 743-744 (1) (760 SE2d 257) (2014) (merger required where burglary convictions were based on two entries into the *same* restaurant, both involved an intent to steal from the restaurant, and the entries were part of a single course of conduct). The trial

court, therefore, properly sentenced Cordle on both counts of burglary.[2] See *Spears*,

supra.

*Judgment affirmed. Miller, P. J. and Ellington, P. J., concur*.

---

[2] Other states have interpreted their burglary statutes in a similar fashion. See, e.g., *State v. Smothers*, 590 NW2d 721, 723-724 (Iowa 1999) (defendant committed two burglaries by entering two different businesses housed within same facility); *State v. Gray*, 1985 Kan. App. LEXIS 1133 at *4-5 (1985) (burglaries of separate businesses within shopping mall did not merge); *State v. Ortega*, 524 P2d 522, 523 (N. M. App. 1974) ("The burglary of several businesses in one building at approximately the same time constitutes not one offense, but several, and a defendant may be prosecuted for all such offenses."); *State v. Casey*, 478 P2d 414, 415 (Ore. App. 1970) ("The defendant's contention that he could not have been convicted of two burglaries because the businesses were in one building has no merit.").