STATE of Iowa, Appellee,

v.

David Max SMOTHERS, Appellant.

No. 97–1234.

Supreme Court of Iowa.

March 24, 1999.

Linda Del Gallo, State Appellate Defender, and Dennis D. Hendrickson, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney General, Patrick C. Jackson, County Attorney, and Michael Clark and Scott E. Schroeder, Assistant County Attorneys, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, NEUMAN, and CADY, JJ.

## PER CURIAM.

The defendant, David Smothers, was charged with and later convicted of two counts of third-degree burglary.[1] *See* Iowa Code §§ 713.1, 713.6A (1997). The charges

were based on allegations that he burglarized a wig manufacturing business, Today's Modern Option, and an auto parts shop, Skerik's Auto Parts, which are located within the same building.

On appeal, the defendant argues the businesses are located in the same occupied structure; therefore, his conduct constituted only one burglary. He asserts his trial counsel was ineffective for failing to raise this issue. Finding the businesses are located in separate occupied structures, we affirm his convictions.

### I. *Scope of Review.*

Smothers' claim of ineffective assistance of counsel is reviewed de novo. *State v. Yaw*, 398 N.W.2d 803, 805 (Iowa 1987). To establish ineffective assistance of counsel, Smothers must prove, by a preponderance of the evidence, both that his trial counsel failed to perform an essential duty and that prejudice resulted from the failure. *State v. Terry*, 544 N.W.2d 449, 453 (Iowa 1996). To sustain his burden of proof on the first prong, Smothers must overcome the strong presumption that his counsel's actions were reasonable under the circumstances and fell within the normal range of professional competency. *State v. Hildebrant*, 405 N.W.2d 839, 841 (Iowa 1987).

To the extent that Smothers' argument turns on the interpretation of a statute, our appellate review is at law. *State ex rel. Lankford v. Allbee*, 544 N.W.2d 639, 640 (Iowa 1996). Our ultimate goal is to determine legislative intent. *State v. Schlemme*, 301 N.W.2d 721, 723 (Iowa 1981).

### II. *Are the Businesses Located in Separate Occupied Structures?*

An individual who enters an occupied structure, without right, license or privilege, with the intent to commit a felony, assault or theft commits burglary. *See* Iowa Code § 713.1. Smothers does not dispute he entered Today's Modern Option and Skerik's, but he claims both businesses are contained

---

1. Smothers was also convicted of two charges of second-degree theft and another third-degree burglary charge. He does not challenge these convictions on appeal.

in the one occupied structure; therefore, his conduct constituted only one burglary.

The building or facility at issue encompasses one-half of a city block. It is approximately 25,000 square feet, and was described by one of its owners as "three buildings in one." Skerik's is located in the original, three-story portion of the facility. Later, a second building was constructed, which houses another business, MLS, Inc. Thereafter, a four-story building was constructed, in which Today's Modern Option is now located. Heavy brick walls were constructed between the buildings, and fire doors were erected connecting each of the buildings. Today's Modern Option leases its premises from the company which owns Skerik's and MLS.

Iowa Code section 702.12 defines "occupied structure" as follows:

> An "*occupied structure*" is any building, structure, appurtenances to buildings and structures, land, water or air vehicle, or similar place adapted for overnight accommodation of persons, or occupied by persons for the purpose of carrying on business or other activity therein, or for the storage or safekeeping of anything of value. Such a structure is an "*occupied structure*" whether or not a person is actually present. However, for purposes of chapter 713 [burglary], a box, chest, safe, changer, or other object or device which is adapted or used for the deposit or storage of anything of value but which is too small or not designed to allow a person to physically enter or occupy it is not an "occupied structure."

The crux of Smothers' argument rests on the meaning of "structure." The Code does not define a "structure"; therefore, the term should be given its ordinary meaning. *See State v. Jones,* 524 N.W.2d 172, 174 (Iowa 1994) ("Words of a statute are given their plain or ordinary meaning absent legislative definition or particular meaning in the law."). "Structure" is defined as "something constructed or built." Webster's Third New Int'l Dictionary 2267 (unabr. ed.1976). Black's Law Dictionary defines "structure" as:

> Any construction, or any production or piece of work artificially built up or composed of parts joined together in some definite manner. That which is built or constructed; an edifice or building of any kind.
>
> A combination of materials to form a construction for occupancy, use or ornamentation whether installed on, above, or below the surface of a parcel of land.

Black's Law Dictionary 1424 (6th ed.1990).

In arguing that the businesses are contained within one occupied structure, Smothers isolates a portion of the latter definition of "structure" and argues Today's Modern Option and Skerik's Auto Parts are parts composing one structure, focusing on the accessibility between the two businesses by the interior fire doors.

We find Smothers' narrow interpretation of "structure" unpersuasive. We have previously determined that the definition of occupied structure is broad. *See State v. Baker,* 560 N.W.2d 10, 13 (Iowa 1997). Clearly the portions of the facility at issue constitute "something constructed or built" or "any construction." The facility's construction history and physical make-up demonstrates that the portions are independent working units which constitute "[a] combination of materials to form a construction for occupancy [or] use."

Today's Modern Option and Skerik's are separate legal entities which occupy independent and distinct portions of the facility. Each has its own entrance from the street, each is separately owned and operated, and each is secured for the most part from access by the other. Although the businesses share common walls and are accessible by interior fire doors, those doors are used for very limited purposes.[2] The evidence is undisputed that the businesses occupy separate premises and conduct their operations exclusive of the other.

We conclude the businesses are located in separate structures used for the purpose of

---

**2.** Other than one interior connecting door leading from Today's Modern Option to Skerik's which was used by Today's Modern Option to reach the loading dock, the interior access doors were used in fire or other emergency situations.

carrying on business. Therefore, Smothers entered two occupied structures.

### III. *Conclusion.*

Because the two businesses are located in separate occupied structures, Smothers committed two burglaries. Smothers' trial counsel was not ineffective for failing to raise this issue. *See State v. Hochmuth,* 585 N.W.2d 234, 238 (Iowa 1998) (counsel not ineffective for failing to raise meritless issue). We therefore affirm the district court judgment.

**AFFIRMED.**