**STATE of Iowa, Appellee,**

v.

**Kent Bradley WILLS, Appellant.**

No. 04–0202.

Supreme Court of Iowa.

May 6, 2005.

Linda Del Gallo, State Appellate Defender, and Tricia Johnston, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, John P. Sarcone, County Attorney, and John Judisch, Assistant County Attorney, for appellee.

WIGGINS, Justice.

Kent Wills appeals his conviction for second-degree burglary contending that an attached garage is a separate occupied structure from that of the living quarters of the residence. In this appeal, we must determine whether trial counsel was ineffective for (1) failing to move for judgment of acquittal on the basis there was insufficient evidence to convict Wills of second-degree burglary when he entered an attached garage of a residence when no persons were present in the garage, but when persons were present in the living quarters; and (2) failing to object to a jury instruction based on this same argument. Because we find there was no legal basis for the motion for judgment of acquittal or the objection to the jury instruction, Wills' trial counsel was not ineffective. Accordingly, we affirm the judgment of the district court.

## I. Background Facts and Proceedings.

Around 1 a.m., an Ankeny resident called the local police to report that a car alarm sounded in the resident's neighborhood. The city dispatched a police officer to the location. Observing nothing unusual, the officer left the area, only to be stopped a couple of blocks later by a person who informed the officer he had witnessed someone running from the area of the car alarm. As the officer started driving back to the area of the car alarm, he noticed a person walking on the sidewalk. The officer asked the person, a minor, if he had noticed anybody running from the area. The minor answered that he had not. While the officer and another officer were speaking to the minor, another resident of the neighborhood arrived in her car and informed the officers that she had observed two people, one of whom was heavy set with a blinking light on his back pocket, walking in the area of her neighbor's residence. She observed the heavier-set individual, later identified as Wills, enter her neighbor's attached garage

through an unlocked service door. She further observed a smaller individual standing by a van parked in the neighbor's driveway.

The officers eventually let the minor leave even though they found a large amount of coins, a flashlight, and an electronic pocket organizer in his pockets. After releasing the minor, the police officers drove to the residence where the neighbor observed the two suspicious people and woke the owner. The owner, his wife, and two daughters were in the residence sleeping at the time. After a search of his vehicles, the owner discovered change and an electronic pocket organizer were missing from the vehicles. The owner's daughter reported a diamond ring and some change were missing from her vehicle. The officers then contacted the minor's parents, who informed the officers the minor was with Wills. After the officers questioned the minor again, he admitted his involvement in the theft and implicated Wills in the burglary. Although Wills denied involvement in the burglary, the officers arrested him.

The State filed a trial information charging Wills with second-degree burglary. The State later amended the information to include two additional charges of burglary in the third degree and using a juvenile to commit an indictable offense.

The jury returned a verdict finding Wills guilty of the crimes of burglary in the second degree, burglary in the third degree, and using a juvenile to commit an indictable offense. Wills appeals his conviction for second-degree burglary claiming ineffective assistance of counsel.

## II. Scope of Review.

██ Claims of ineffective assistance of counsel are derived from the Sixth Amendment of the United States Constitution. *Strickland v. Washington*, 466 U.S. 668, 684–86, 104 S.Ct. 2052, 2063–64, 80 L.Ed.2d 674, 691–93 (1984). Our review for a claim involving violations of the Constitution is de novo. *State v. Fintel*, 689 N.W.2d 95, 100 (Iowa 2004). We normally preserve ineffective-assistance-of-counsel claims for postconviction relief actions. *State v. Carter*, 602 N.W.2d 818, 820 (Iowa 1999). However, we will address such claims on direct appeal when the record is sufficient to permit a ruling. *State v. Artzer*, 609 N.W.2d 526, 531 (Iowa 2000). The appellate record in the present case is sufficient to allow us to address Wills' ineffective-assistance-of-counsel claims on direct appeal.

██ In order for a defendant to succeed on a claim of ineffective assistance of counsel, the defendant must prove: (1) counsel failed to perform an essential duty and (2) prejudice resulted. *Id.* Prejudice results when "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Hopkins*, 576 N.W.2d 374, 378 (Iowa 1998) (quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698). Wills' arguments also raise issues of statutory interpretation, which we review for correction of errors at law. *State v. Wolford Corp.*, 689 N.W.2d 471, 473 (Iowa 2004).

## III. Analysis.

To find Wills guilty of burglary in the second degree, the State had to prove Wills perpetrated a burglary "in or upon an occupied structure in which *one or more persons are present.* ..." Iowa Code § 713.5(2) (2003) (emphasis added).

██ In this appeal, Wills first contends his trial counsel was ineffective for failing to move for a judgment of acquittal on the basis there was insufficient evidence to support a finding that at the time Wills

entered the garage, there were persons present in or upon the occupied structure. Wills concedes the garage was an occupied structure, but argues the living quarters and the attached garage are separate and independent occupied structures; therefore, the jury could not have found there were people present in the attached garage at the time of the burglary.

The Code defines an "occupied structure" as:

> [A]ny building, structure, appurtenances to buildings and structures, land, water or air vehicle, or similar place adapted for overnight accommodation of persons, or occupied by persons for the purpose of carrying on business or other activity therein, or for the storage or safekeeping of anything of value. Such a structure is an *"occupied structure"* whether or not a person is actually present.

*Id.* § 702.12.

Wills relies on *State v. Smothers*, 590 N.W.2d 721 (Iowa 1999), to argue the garage and the living quarters are separate and independent occupied structures. In *Smothers*, two separate and distinct businesses connected by interior fire doors were operated in the same structure. 590 N.W.2d at 723. We held the defendant committed two burglaries by entering each business because "[t]he facility's construction history and physical make-up demonstrate that the portions are independent working units which constitute '[a] combination of materials to form a construction for occupancy [or] use.'" *Id.* *Smothers* is not at odds with the present case because the living quarters and the garage are not separate or independent units of the residence.

Our review of the record reveals the garage in question was a three-car attached garage separated from the living quarters by a door. The same roof covered the garage as the rest of the residence. The living quarters surrounded the garage on two sides. It was structurally no different from any other room in the residence.

The garage was a functional part of the residence. On the night of the incident, the door was unlocked. The owner of the residence used two stalls in the garage to park the family vehicles. The owner used the third stall for his motorcycle. As such, the garage and the living quarters are a single "structure" or "building" functioning as an integral part of the family residence. Thus, the residence including the garage is a single "occupied structure" under section 702.12. *See, e.g., People v. Ingram*, 40 Cal.App.4th 1397, 48 Cal.Rptr.2d 256 (1995) (holding defendant's entry into an attached garage constituted first-degree burglary because the garage was attached to the house; therefore, burglary of the garage was burglary of an inhabited dwelling house); *People v. Cunningham*, 265 Ill.App.3d 3, 202 Ill.Dec. 511, 637 N.E.2d 1247, 1252 (1994) (holding "ordinarily an attached garage is a 'dwelling' because it is part of the structure in which the owner or occupant lives"); *State v. Lara*, 92 N.M. 274, 587 P.2d 52, 53 (Ct.App.1978) (holding "burglary of the [attached] garage was burglary of the dwelling house because the garage was a part of the structure used as living quarters"); *People v. Green*, 141 A.D.2d 760, 761, 529 N.Y.S.2d 852 (N.Y.App.Div.1988) (holding "[s]ince the garage in the present case was structurally part of a building which was used for overnight lodging of various persons, it must be considered as part of a dwelling"); *White v. State*, 630 S.W.2d 340, 342 (Tex. Ct.App.1982) (holding an attached garage under the same roof as the home would be considered a habitation within the purview of the penal code because the garage is a structure appurtenant to and connected to

the house); *State v. Murbach*, 68 Wash. App. 509, 843 P.2d 551, 553 (1993) (holding the definition of a dwelling under Washington's burglary statute included an attached garage).

Had Wills' trial counsel moved for a judgment of acquittal on the basis there was insufficient evidence to support a finding that at the time Wills entered the garage there were no persons present in or upon the occupied structure, it would have been overruled by the court because the owner and his family were present in the residence at the time of the burglary.

 Wills also claims his counsel was ineffective for failing to object to the jury instruction used by the district court on the same ground; that the living quarters were a separate and independent occupied structure from the attached garage. The instruction as given stated:

The State must prove all of the following elements of Burglary in the Second Degree as to Count I:

1. On or about the 12th day of August, 2003, the defendant or someone he aided and abetted broke into or entered the *residence* at. . . .

2. The *residence* at . . . was an occupied structure as defined in Instruction No. 29.

3. The defendant or the person he aided and abetted did not have permission or authority to break into the *residence* at. . . .

4. The defendant or the person he aided and abetted did so with the specific intent to commit a theft therein.

5. *During the incident persons were present in or upon the occupied structure.*

If the State has proved all of the elements, the defendant is guilty of Burglary in the Second Degree. If the State has failed to prove any of the elements, the defendant is not guilty of Burglary in the Second Degree and you will then consider the charge of Attempted Burglary in the Second Degree explained in Instruction No. 21.

(Emphasis added.)

Wills' claim is without merit. As we have discussed, the residence is the one and only "occupied structure" under the facts of this case. Had Wills' trial counsel made this objection to the instruction, it would have been overruled.

Therefore, Wills' trial counsel is not ineffective for failing to move for a judgment of acquittal or objecting to the instruction because there was no legal basis for the motion or objection. *See State v. Hochmuth*, 585 N.W.2d 234, 238 (Iowa 1998) (holding trial counsel was not ineffective for failing to raise an issue that has no merit).

## IV. Disposition.

We affirm the judgment of the district court because Wills' trial counsel was not ineffective for failing to raise meritless issues.

**AFFIRMED.**