**IN THE COURT OF APPEALS OF IOWA**

No. 4-006/ 12-1556
Filed March 12, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**NATHANIEL LAMICE YANCEY JR.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

Defendant appeals from the judgment, convictions, and sentence following a jury trial and guilty verdict. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Tyler Buller, Assistant Attorney General, John P. Sarcone, County Attorney, Jim Ward, Assistant County Attorney, and Anthony Loan, Student Legal Intern, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ. McDonald, J., takes no part.

**DANILSON, C.J.**

Nathaniel Yancey Jr. appeals from the judgment, convictions, and sentence following a jury trial and guilty verdict. On appeal, Yancey maintains he received ineffective assistance from counsel at trial. In support of this contention, he maintains counsel was ineffective for failing to object to a jury instruction. He also maintains the district court failed to provide adequate reasoning to explain the decision to impose consecutive sentences. Following our review, we find counsel did not provide ineffective assistance and affirm Yancey's convictions. We also find the district court provided adequate reasons for the decision to impose consecutive sentences. Accordingly, we affirm.

**I. Background Facts and Proceedings.**

On December 16, 2011, Yancey was charged with attempt to commit murder, in violation of Iowa Code section 707.11 (2011); assault on a peace officer with a weapon, in violation of sections 708.1 and 708.3; assault while participating in a felony, in violation of section 708.3; going armed with intent, in violation of section 708.8; possession of a firearm by a felon, in violation of section 724.26; and intimidation with a dangerous weapon with intent, in violation of section 708.6.

A jury trial commenced on May 14, 2012. Following the trial, the jury returned a guilty verdict on the lesser-included offense of assault with intent to inflict serious injury on the attempt-to-commit-murder charge. The jury returned guilty verdicts on each of the other five charges. Yancey stipulated he was a habitual offender for the purpose of the sentencing enhancement, pursuant to Iowa Code section 902.8.

Yancey was sentenced on August 3, 2012. The district court sentenced Yancey to serve an indeterminate term of imprisonment not to exceed two years for the conviction of assault with intent to inflict serious injury. For each of the other five convictions, the court sentenced Yancey to serve an indeterminate term of imprisonment not to exceed fifteen years. The court ordered the five fifteen-year sentences to run consecutive to each other, but concurrent to the sentence for the assault with intent to inflict serious injury, for a total term of incarceration not to exceed seventy-five years. Yancey appeals.

## II. Standard of Review.

A defendant may raise an ineffective-assistance claim on direct appeal if he has reasonable grounds to believe the record is adequate for us to address the claim on direct appeal. *State v. Straw*, 709 N.W. 2d 128, 133 (Iowa 2006). If we determine the record is adequate, we may decide the claim. *Id.* We review claims for ineffective assistance of counsel de novo. *Id.*

Our review of the district court's sentencing decision is for correction of errors at law. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). The decision to impose a sentence within statutory limits is "cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). The sentence will not be upset on appeal "unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Thomas*, 547 N.W.2d at 225. In criminal cases the court is to "state on the record its reasons for selecting the

particular sentence." Iowa R. Crim. P. 2.23(3)(d). We review both the court's stated reasons made at the sentencing hearing and its written sentencing order. *See State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001). The statement of reasons can be "terse and succinct," as long as its brevity does not hinder review of the district court's discretion. *State v. Victor*, 310 N.W.2d 201, 205 (Iowa 1981).

## III. Discussion.

### A. Ineffective Assistance of Counsel.

One of the charges against Yancey was going armed with intent. Iowa Code section 708.8 defines it as, "A person who goes armed with any dangerous weapon with the intent to use without justification such weapon against the person of another commits a class 'D' felony." At trial, the jury was provided the following instruction, based on the uniform instruction, regarding the charge:

> The State must prove all of the following elements of Going Armed With Intent as charged in Count IV:
> 1. On or about the 3rd day of December, 2011 the defendant was armed with a handgun.
> 2. The handgun was a dangerous weapon as defined in Instruction No. 25.
> 3. The defendant was armed with the specific intent to use the handgun against another person.
> 4. During the commission of this offense, the defendant moved from one location to another.
> 5. The defendant specifically intended to shoot at Des Moines Police Officer Sone Cam.
> If you find the State has proved all of the elements, the defendant is guilty of Going Armed With Intent. If the State has failed to prove any one of the elements, the Defendant is not guilty on Count IV.

Yancey maintains that an essential element of going armed with intent is proof of movement, and he claims the jury instruction did not reflect this essential part of

the offense. He maintains that counsel's failure to object to the jury instruction amounts to ineffective assistance from counsel at trial and that he was prejudiced by the failure.

To succeed on his claim, Yancey must show by a preponderance of the evidence that (1) his counsel failed to perform an essential duty and (2) prejudice resulted. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). To prove counsel failed to perform an essential duty, Yancey must show "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). In doing so, he must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *See id.* at 689. Prejudice has resulted when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Bowman v. State*, 710 N.W.2d 200, 203 (Iowa 2006). We can affirm if either prong is absent and need not engage in both prongs of the analysis if one is lacking. *See Everett v. State*, 789 N.W.2d 151, 159 (Iowa 2010).

In this case, Yancey's trial counsel did not breach an essential duty. Yancey is correct that "going armed" requires proof of movement. *See State v. Ray*, 516 N.W.2d 863, 865 (Iowa 1994) ("As for 'going' armed, we believe the term necessarily implicates proof of movement."). Here, the jury instructions included both the requirement that the State prove, "During the commission of this offense, the defendant *moved from one location to another*" and advised the jury that "[i]f the State has failed to prove any one of the elements, the Defendant

is not guilty on Count IV." (Emphasis added.) Contrary to Yancey's assertion, these instructions do require proof of movement.[1]

Because the uniform instruction that was provided to the jury does require proof of movement, any objection to it by counsel would have been overruled. Counsel was not ineffective for failing to raise an objection that has no merit. *See State v. Willis*, 696 N.W.2d 20, 24 (Iowa 2005) (holding counsel was not ineffective for failing to raise an issue that has no merit). Since Yancey's trial attorney did not breach an essential duty, we need not address the prejudice element of ineffective assistance. *See Everett*, 789 N.W.2d at 159.

**B. Decision to Impose Consecutive Sentences.**

This case is another of a long line of cases raising on appeal the issue of whether an adequate explanation was given for imposing consecutive sentences. Here, Yancey concedes the district court provided adequate reasoning for its decision to impose a term of incarceration but maintains the court did not provide adequate reasoning regarding why consecutive sentences were imposed.

"If a person is sentenced for two or more separate offenses, the sentencing judge may order the second or further sentence to begin at the expiration of the first or succeeding sentence." Iowa Code § 901.8. A sentencing court must state, on the record, its reason for selecting a particular sentence. *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010) (citing Iowa R. Crim. P. 2.23(3)(d)). The court must also provide reasons for imposing consecutive sentences. *Id.* "A statement may be sufficient, even if terse and

---

[1] We conclude a reasonable juror would understand that "during the commission of the offense" means while being armed with a handgun.

succinct, so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion." *State v. Hennings*, 791 N.W.2d 828, 838 (Iowa 2010).

The district court provided the following colloquy at the sentencing hearing:

> The Court has reviewed the Presentence Investigation Report in this case. I do note the defendant's young age. I note also the defendant has prior convictions. He was sentenced to prison after receiving probation, which was revoked. Then—I'm sorry. He went to prison, got shock probation and the shock probation was revoked. That was back in, I believe, 2006.
>
> And then he picked up another charge, felon in possession of firearm, in 2007, two years of probation and revoked. I think that might be it unless there's something else.
>
> 2008, possession of a firearm during a drug trafficking crime, possession of controlled substance with intent to deliver, and given three years of supervised release. They were to run consecutive. And then we have the present offenses at this time.
>
> The Court finds at this time that the defendant is hereby adjudged guilty of the crime of—the following crimes: Assault with intent to inflict serious injury, in violation of the Code of Iowa; assault on a peace officer with a weapon, in violation of the Code of Iowa; assault while participating in a felony, in violation of the Code of Iowa; going armed with intent, in violation of the Code of Iowa; possession of a firearm by felon, in violation of the Code of Iowa; and intimidation with a dangerous weapon with intent.
>
> The last charge, intimidation of a dangerous weapon with intent, is a forcible felony, and the Court has no option but to sentence the defendant to prison in regard to that count. In regard to the other counts, the Court believes that incarceration is appropriate due to the nature and circumstances of these offenses, the defendant's past criminal history, and the need for protection of the community in further criminal activity by the defendant.
>
> In regard to the charge of assault with intent to inflict serious injury, the defendant is sentenced to a term of incarceration not to exceed two years. As to all other charges, he is sentenced to a term of incarceration of 15 years based upon the defendant being a habitual offender.
>
> . . . .
>
> [ ]Each of those charges shall run consecutive to each other, concurrent as to the charge of assault with intent to inflict serious injury, for a total of 75 years. Fines are hereby suspended as to

each and every count due to the incarceration of the defendant. The Court has stated that a finding of probation is not acceptable in order to protect the public from further criminal activity by the defendant and due to the serious nature and circumstances of the offense with regard to the use of a weapon.

Our case law does not require the sentencing court to provide separate rationale for its decision to impose consecutive sentences if the reviewing court can determine that the consecutive sentences were "part of an overall sentencing plan." *Hennings*, 791 N.W.2d at 839. Our supreme court has also stated that "[a]lthough the reasons need not be detailed, at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action." *State v. Jacobs*, 607 N.W.679, 690 (Iowa). At a minimum, a "terse and succinct" explanation is required. *State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989). In *Hennings*, our supreme court characterized the district court's sentencing statement as follows: "[t]he court spoke at length about the information it considered in making a sentencing determination and specifically what factors influenced its ultimate decision." Our supreme court further stated that "[t]his is not a situation where the court 'failed to give even a terse explanation of why it imposed consecutive, as opposed to concurrent sentences.'" *Hennings*, 791 N.W.2d at 838 (citing *State v. Uthe*, 542 N.W.2d 810, 816 (Iowa 1996)). However, not a single word or sentence in *Hennings* directly expressed or explained why consecutive sentences were imposed.

Here, the court stated it had reviewed the presentence investigation report and then recited the defendant's past convictions. The court also noted the defendant's young age. The court explained the "[c]ourt has no option but to sentence the defendant to prison" for the forcible felony conviction. Although the

record is awful thin to enable us to properly perform our review, we can discern no difference between these facts and the facts in *Hennings*.[2] Accordingly, we conclude sufficient reasons were provided for the imposition of consecutive sentences.

## IV. Conclusion.

Because we find Yancey's trial attorney did not provide ineffective assistance, we affirm his convictions. We also find the court provided adequate reasoning for imposing consecutive sentences.

**AFFIRMED.**

---

[2] *See State v. Scott*, 12-1531, 2013 WL2146226, at *2 (Iowa Ct. App. May 15, 2013) (Danilson, J., concurring specially).