# IN THE COURT OF APPEALS OF IOWA

No. 14-0560
Filed July 27, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**ERIC THOMPSON,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Todd A. Geer, Judge.

The defendant appeals from his convictions for manufacturing a controlled substance (methamphetamine), possession of ephedrine and/or pseudoephedrine with intent to manufacture a controlled substance, possession of lithium with intent to manufacture a controlled substance, and eluding. **AFFIRMED.**

John P. Beauvais Jr. of Deck Law, L.L.P., Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Kristin A. Guddall, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

2

**POTTERFIELD, Presiding Judge.**

Eric Thompson appeals from his convictions for manufacturing a controlled substance (methamphetamine), possession of ephedrine and/or pseudoephedrine with intent to manufacture a controlled substance, possession of lithium with intent to manufacture a controlled substance, and eluding. Thompson maintains the district court abused its discretion when it admitted an exhibit containing his past purchases of pseudoephedrine. He also maintains he received ineffective assistance from trial counsel.

**I. Background Facts and Proceedings**

On July 4, 2013, Thompson led officers on a chase—first in their squad cars and later on foot. After he was apprehended, the officers found several items in the trunk of Thompson's vehicle that led them to believe he was manufacturing methamphetamine. The items included a propane tank with plastic tubing attached, drain cleaner, table salt, coffee filters, a plastic container with a residue, and a glass jar with residue. Later, the officer transporting Thompson to jail noticed he was moving a lot in the backseat, possibly attempting to remove items from his pockets. After Thompson was removed from the vehicle, the officer found two small plastic bags—one containing a substance which was later tested and determined to include pseudoephedrine—and two lithium batteries.

At Thompson's jury trial, several officers testified as to the apprehension of Thompson and the recovered items, as well as the items necessary to manufacture methamphetamine. One officer testified about the National Precursor Log Exchange, which is a national database used to track individual's

purchases of pseudoephedrine. The State moved to admit a printout from the database as an exhibit. The exhibit listed Thompson's purchases of pseudoephedrine in the approximately seven months leading up to his arrest, including a purchase on the day of his arrest. Thompson objected as to the relevance of the exhibit, and it was admitted over his objection. Once the exhibit was admitted, the State questioned the officer about the purchases as well as the attempted purchases on the list, and the officer testified about each without objection from Thompson.

Following the close of evidence, the jury returned guilty verdicts for each of the charged offenses except possession of anhydrous ammonia with intent to manufacture a controlled substance. Thompson admitted to being an habitual offender.

In March 2014, Thompson was sentenced to a term of incarceration not to exceed forty-five years for each of the manufacturing convictions and a term not to exceed fifteen years for the eluding conviction. The sentences were ordered to run concurrently. Thompson appeals.

**II. Standard of Review**

We review the district court's evidentiary rulings for an abuse of discretion. *State v. Rodriguez*, 636 N.W.2d 234, 239 (Iowa 2001).

Because claims of ineffective assistance have their basis in the constitution, we review de novo. *State v. Willis*, 696 N.W.2d 20, 22 (Iowa 2005). We normally preserve claims of ineffective assistance for postconviction-relief actions. *Id.* "That is particularly true where the challenged actions of counsel implicate trial tactics or strategy which might be explained in a record fully

developed to address those issues." *State v. Rubino*, 602 N.W.2d 558, 563 (Iowa 1999).

## III. Discussion

### A. Admission of Evidence

Thompson maintains the district court abused its discretion when, over his objection, it admitted the State's exhibit containing a list of Thompson's purchases of pseudoephedrine in the seven months leading up to his arrest. He argues the past purchases were not relevant or, in the alternative, were unduly prejudicial.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Iowa R. Evid. 5.401. "Evidence which is not relevant is not admissible." Iowa R. Evid. 5.402. Typically, we conduct a two-step inquiry to determine whether challenged evidence is admissible. *See Graber v. City of Ankeny*, 616 N.W.2d 633, 638 (Iowa 2000). We ask "(1) is the evidence relevant? and (2) if so, is its probative value substantially outweighed by the danger of prejudice or confusion?" *Id.*

However, here, after the written report was admitted, Officer Nick Berry testified about the contents of the exhibit in-depth without objection from Thompson. Thus, even if the report was admitted in error, it was only cumulative to other testimony properly in the record, and it is not grounds for reversal. *See e.g., State v. Trudo*, 253 N.W.2d 101, 107–08 (Iowa 1977) ("[O]rdinarily, a defendant may not claim prejudice where the same evidence is otherwise supplied by the defendant or is made overwhelmingly clear in the record."); *State*

*v. Jurgenson*, 225 N.W.2d 310, 312 (Iowa 1975) ("[E]rror in the admission of evidence is not prejudicial where substantially the same evidence is in the record without objection."); *Estrella v. State*, 133 N.W.2d 97, 101 (Iowa 1965) ("We are not convinced the order of the testimony makes any great difference when the substance of the hearsay testimony is substantially the same as that properly presented in the trial by a competent witness."); *In re Estate of Hettinga*, 514 N.W.2d 727, 733 (Iowa Ct. App. 1994) ("Evidence which is cumulative, which only corroborates other evidence properly in the record, does not constitute reversible error.").

### B. Ineffective Assistance

Thompson maintains he received ineffective assistance from trial counsel, but he concedes that the record on appeal is not adequate for our review. As such, we preserve his claims for further development of the record. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) ("[The defendant] does not request that his claim of ineffective assistance of counsel be resolved on direct appeal, as he acknowledges further development of the record on this issue is necessary. Therefore, consistent with [his] right under section 814.7(1) to forego raising his ineffective-assistance-of-counsel claim on direct appeal and as required by section 814.7(3), we preserve the issue of trial counsel's ineffective assistance . . . for a postconviction-relief proceeding.").

We affirm Thompson's convictions and preserve his claims of ineffective assistance for possible future proceedings.

**AFFIRMED.**