# IN THE COURT OF APPEALS OF IOWA

No. 17-0892
Filed February 21, 2018

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**CHARLES MONTES,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Delaware County, Stephanie C. Rattenborg, District Associate Judge.

The defendant appeals from his guilty plea and sentence. **AFFIRMED.**

Sharon Hallstoos of Hallstoos Law Office, Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

Charles Montes was charged with third-degree burglary, as a habitual offender, in violation of Iowa Code sections 713.1, 713.6A, 703.1, and 902.9 (2015). Montes submitted an *Alford* plea and was convicted. On appeal, Montes argues his counsel was ineffective for allowing him to plead guilty without a factual basis. Montes also argues the court improperly applied the habitual offender enhancement.

## I.      Background Facts and Proceedings.

Christopher White, Montes's son-in-law, confessed to burglarizing the Fish Shack, a pet food store. White told law enforcement that Montes drove him to the site and was his lookout. White returned to Montes's vehicle with stolen cash, a cash box, and bank bags; White was covered in insulation residue after using a tire iron to gain access to the establishment through a boarded up window. Montes drove White to a remote location to hide the tire iron and empty cash box.

Montes was charged in January 2017. In April 2017, he pled guilty to aiding and abetting a burglary. Later in April, Montes filed a pro se motion in arrest of judgment, claiming he received inadequate counsel at the plea hearing. He later filed a pro se motion for new counsel. The court held a hearing on both motions in May. At the hearing, Montes's only argument on the motion in arrest of judgment was that his plea was not voluntarily and intelligently made.

The district court overruled Montes's motion in arrest of judgment, finding Montes failed to allege a defect in the proceeding and his plea was entered knowingly and voluntarily. At the same hearing, Montes was sentenced to a term

of imprisonment not to exceed fifteen years, with a mandatory minimum sentence of three years.

## II.    Discussion.

Montes argues the district court failed to comply with Iowa Rule of Criminal Procedure 2.8(2)(b) when it accepted his guilty plea without ensuring that it was voluntarily and intelligently made and was supported by a factual basis. A factual basis argument was not raised in the motion in arrest of judgement or at the hearing on the motion. Montes argues his counsel was ineffective by not raising that claim in the motion. The State argues Montes has waived any ineffective-assistance-of-counsel claims for failure to brief the issue.[1]

Ineffective-assistance-of-counsel claims are reviewed de novo. *State v. Wills*, 696 N.W.2d 20, 22 (Iowa 2005). To determine whether counsel was ineffective for allowing Montes to plead guilty, we must determine whether there was an adequate factual basis for Montes's guilty plea to aiding and abetting burglary. "A factual basis can be discerned from four sources: (1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence." *State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010). "[T]he record does not need to show the totality of evidence necessary to support a guilty conviction, but it need only demonstrate facts that support the offense." *Id.* To prove Montes aided and abetted, "presence, companionship, and conduct

---

[1] Montes mentioned whether his plea was voluntarily and intelligently made in his brief, but he does not make any specific arguments or cite authority. Failure to cite authority in support of an issue may be deemed waiver of that issue. Iowa R. App. P. 6.903(2)(g)(3).

before and after the offense is committed" is enough to infer his participation in the crime. *State v. Lewis*, 514 N.W.2d 63, 66 (Iowa 1994).

The record here includes the minutes of testimony that state White told police Montes was his lookout and that Montes told police White returned to the vehicle covered in insulation, with cash, a cash box, and bank bags. Montes drove White away from the scene—after having observed signs that White had committed burglary—and helped White to dispose of the tire iron used to break in and the empty cash box. Montes's plea is supported by a factual basis, and his counsel was not ineffective for allowing him to plead guilty.

Next, Montes argues the district court erred in applying the habitual offender enhancement because the district court did not engage in the proper colloquy with him as required by Iowa Rule of Criminal Procedure 2.19(9). Montes did not preserve this argument for appeal because it was not included in his motion in arrest of judgment.[2] *See State v. Harrington*, 893 N.W.2d 36, 43 (Iowa 2017), *as amended* (June 14, 2017) ("[W]e hold that offenders in a habitual offender proceeding must preserve error in any deficiencies in the proceeding by filing a motion in arrest of judgment."). As Montes's argument regarding the habitual offender enhancement was not preserved for our review,[3] we do not consider it on appeal.

**AFFIRMED.**

---

[2] *Harrington* was filed on April 7, 2017, and Montes's guilty plea was accepted on April 19, 2017. *Harrington* was amended on June 14 with no substantive changes.

[3] Montes mentions a claim of ineffective assistance of counsel for failure to challenge the habitual offender enhancement, but he fails to provide any specific arguments or cite authority. Failure to cite authority in support of an issue may be deemed waiver of that issue. Iowa R. App. P. 6.903(2)(g)(3).