# IN THE COURT OF APPEALS OF IOWA

No. 19-0930
Filed October 21, 2020

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**JOSEPH BENJAMIN DOBBE,**
       Defendant-Appellant.
_____

Appeal from the Iowa District Court for Wapello County, Lucy J. Gamon, Judge.

Joseph Dobbe appeals his various convictions. **AFFIRMED.**

Matthew J. Knipe (until withdrawal) and Aaron D. Hamrock of McCarthy & Hamrock, P.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Bower, C.J., May, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**GAMBLE, Senior Judge.**

Joseph Dobbe appeals following his convictions for attempted murder, willful injury causing serious injury, assault while participating in a felony, domestic abuse assault with intent to inflict serious injury, and domestic abuse assault causing bodily injury. He challenges the district court's denial of his motion to dismiss for lack of speedy indictment and claims he received ineffective assistance of counsel. We affirm.

**I. Facts and Prior Proceedings**

In 2018, Dobbe lived with his then girlfriend, T.S., in Ottumwa. On April 20, the two argued. The confrontation became violent. Dobbe threw T.S. to the floor, breaking her wrist. T.S. left the home on foot. Dobbe followed her in his van and then got out of the vehicle to confront her. He struck her in the head and kicked her when she fell to the ground. Dobbe left the scene in his van. But he came back a short time later. He drove his van over the curb and struck T.S. with his van. Dobbe fled the scene.

Dobbe then called the father of T.S.'s son and confessed to running over T.S. and stated he believed she was dead. He called his mother and told her the same information and stated he wanted to take his own life. Dobbe then traveled to his mother's home where he held a loaded gun to himself for several hours. He then took medication, which made him sick.

The same day, a Wapello County magistrate issued a warrant for the arrest of Dobbe on charges of attempted murder and willful injury. First responders took Dobbe into custody and transported him to Des Moines for an emergency hospitalization pursuant to Iowa Code chapter 229 (2018).

On April 21, Dobbe was released from the hospital and taken to the Polk County Jail. On April 22, the Polk County District Court entered an Order of Commitment on Out of County Warrant ordering Dobbe to be "committed to the custody of the Polk County Sherriff to be held for the Sheriff of [Wapello County] who shall take the Defendant before the appropriate magistrate in the county where the offense is triable." The order of commitment specifically stated, "This is not an initial appearance, the initial appearance on this matter will occur in the county where the charges originated."

On April 23, the Wapello County Sheriff served Dobbe with an arrest warrant and took him before a magistrate in Wapello County for his initial appearance. On June 6, the State filed a trial information charging Dobbe with six counts: count I, attempt to commit murder; count II, willful injury causing serious injury; count III, assault while participating in a felony; count IV, willful injury causing bodily injury; count V, domestic abuse assault with intent to cause serious injury; and count VI, domestic abuse assault causing bodily injury. Dobbe sent a letter to the district court asking for dismissal of the charges for lack of speedy indictment.[1] Dobbe's counsel then filed motion to dismiss for lack of speedy indictment citing Iowa Rule of Criminal Procedure 2.33(2)(a). The district court denied the motion.

The matter proceeded to trial. The jury found Dobbe guilty on all six counts. Dobbe then moved for judgement notwithstanding the verdict and in arrest of judgement. The district court granted Dobbe's motion in part, merging count IV

---

[1] The district court directed Dobbe to stop sending letters to the court and directed him to "address his concerns directly with counsel."

into count II. So the court entered judgement against Dobbe for counts I, II, III, V, and IV.

Dobbe appeals claiming the district court should have granted the motion to dismiss for lack of speedy indictment and claiming ineffective assistance of counsel.

## II. Standard of Review

"We review interpretations of the speedy indictment rule for errors at law." *State v. Williams*, 895 N.W.2d 856, 860 (Iowa 2017). And we review ineffective-assistance claims de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Generally, ineffective-assistance claims are preserved for postconviction relief so the record can be fully developed. *Id.* But when the record is adequate, the claim may be resolved on direct appeal. *Id.*

## III. Discussion

### A. Speedy Indictment

We begin by addressing Dobbe's claim that the district court should have granted his motion to dismiss pursuant to Iowa Rule of Criminal Procedure 2.33(2)(a) for lack of speedy indictment. Rule 2.33(2)(a) provides:

> When an adult is arrested for the commission of a public offense, . . . and an indictment is not found against the defendant within [forty-five] days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives the defendant's right thereto.

Dobbe argues the forty-five day clock started on April 20, 2018, because the purposes of an initial appearance before a magistrate were constructively satisfied in various ways on April 20. *See* Iowa R. Crim P. 2.2(1)–(2). In *Williams*, our supreme court recognized, "'Normally, the date of an arrest and the date of

prosecution follow in hand,' but they can 'become detached.'"  895 N.W.2d at 866 (citation omitted).  In order to clarify when a statutory arrest occurs for speedy-indictment purposes, the court set out a bright-line rule.  *Id.* at 869 (Mansfield, J., concurring specially).  The court held, "[t]he rule is triggered from the time a person is taken into custody, but only when the arrest is completed by taking the person before a magistrate *for an initial appearance*."  *Id.* at 867 (emphasis added).  The determination of when an arrest is completed for purposes of the speedy-indictment rule is of particular importance when, as here, some time passes between an arrest and when the defendant is brought before the magistrate for an initial appearance.  *See id.*  Although Dobbe was taken into custody for a mental-health commitment on April 20, he did not appear before a magistrate in Wapello County for his initial appearance on his arrest warrant until April 23.  Because his April 23 initial appearance completed his arrest, the speedy-indictment clock began to run on April 23.  *See id.*  And the State filed the trial information on June 6. So the State did not violate rule 2.33(2)(a) because the trial information was filed within forty-five days after Dobbe appeared before the magistrate.

We conclude the district court correctly denied Dobbe's motion to dismiss.

**B. Ineffective Assistance of Counsel**

Next, Dobbe alleges he received ineffective assistance of counsel.[2] Generally, ineffective-assistance claims are preserved for postconviction relief so

---

[2] Iowa Code section 814.7 was recently amended to provide in pertinent part: "An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief" and "shall not be decided on direct appeal from the criminal proceedings."  *See* 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code § 814.7 (2020)).  In *State v. Macke*, however, our supreme court held these amendments "apply only prospectively and do not apply to cases pending

the record can be fully developed. *Straw*, 709 N.W.2d at 133. But when the record is adequate, the claim may be resolved on direct appeal. *Id.* We conclude the record is adequate to address Dobbe's claim on direct appeal.

To succeed on his ineffective-assistance claim, Dobbe must prove by a preponderance of the evidence that counsel failed to perform an essential duty and constitutional prejudice resulted. *See State v. Walker*, 935 N.W.2d 874, 881 (Iowa 2019). "Because the test for ineffective assistance of counsel is a two-pronged test, [Dobbe] must show both prongs have been met." *See Nguyen v. State*, 878 N.W.2d 744, 754 (Iowa 2016). If Dobbe cannot prove either prong, we need not address the other. *See id.*

We resolve Dobbe's ineffective-assistance claim on the first prong, whether counsel breached an essential duty. In considering the first prong, "we measure counsel's performance against the standard of a reasonably competent practitioner." *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015) (citation omitted). "It is presumed the attorney performed [their] duties competently, and a claimant must successfully rebut this presumption by establishing by a preponderance of the evidence counsel failed to perform an essential duty." *Id.*

Dobbe argues counsel failed to perform an essential duty because counsel did not move for new trial based on conflicting jury instructions. Only the marshalling instructions for count I, attempted murder, and count III, assault while participating in a felony causing serious injury, specified the specific assaultive act

---

on July 1, 2019." 933 N.W.2d 226, 235 (Iowa 2019). Therefore, we conclude the amendments "do not apply" to this case, which was pending on July 1, 2019. *See id.*

the jury had to rely on, Dobbe striking T.S. with his van, when reaching a

conclusion as to those counts.[3]  The remaining counts did not specify what conduct

the jury had to rely on in reaching conclusions as to those counts.[4]  The jury also

received an instruction on alternative theories.  The instruction stated,

---

[3] Instruction seventeen provided,
>As to Count I, the State must prove the following elements of Attempt to Commit Murder:
>>1. On or about the 20th day of April, 2018, the defendant struck [T.S.] with his vehicle.
>>2. By his acts, the defendant expected to set in motion a force or chain of events which would cause or result in the death of [T.S.].
>>3. When the defendant acted, he specifically intended to cause the death of [T.S.].

Instruction twenty-two provided,
>As to Count III, the State must prove all of the following elements of an Assault While Participating in a Felony Causing Serious Injury:
>>1. On or about the 20th day of April, 2018, the defendant committed an assault on [T.S.].
>>2. At the time of the assault, the defendant was participating in the crime of Attempt to Commit Murder, as defined in Instruction No. 17.
>>3. The assault caused a serious injury.

[4] Instruction twenty-one provided,
>As to Count II, the State must prove all of the following elements of Willful Injury Causing Serious Injury:
>>1. On or about the 20th day of April, 2018, the defendant assaulted [T.S.].
>>2. The defendant specifically intended to cause a serious injury to [T.S.].
>>3. The defendant's acts caused a serious injury to [T.S.] as defined in Instruction No. 25.

Instruction twenty-seven provided,
>As to Count V, the State must prove all of the following elements of the crime of Domestic Abuse Assault with Intent to Inflict Serious Injury:
>>1. On or about the 20th day of April, 2018, the defendant did an act which was meant to cause pain or injury to [T.S.].
>>2. The defendant had the apparent ability to do the act.
>>3. At that time the defendant intended to cause a serious injury to [T.S.].
>>4. The act occurred between family or household members who resided together at the time of the incident.

Where two or more alternative theories are presented, or where two or more facts would produce the same result, the law does not require each juror to agree as to which theory or fact leads to his or her verdict. It is the verdict itself which must be unanimous, not the theory or facts upon which it is based.

Dobbe argues the alternative-theories instruction is inconsistent with the marshalling instructions because it impermissibly allowed the jury to rely on various acts of violence he perpetrated against T.S. besides the act of striking her with his van. In making this contention, he seizes on language from the district court's ruling on his motion in arrest of judgement that provided, "there was only one factual event specified to the jury in this case, the striking of the victim with defendant's vehicle. The jury instruction for attempt to commit murder specifically asserts the fact of this striking, whereas the other instructions do not make specific factual allegations." So Dobbe reasons that the jury could only consider him striking T.S. with his van when considering each count and the alternative-theories instruction conflicted with the marshalling instructions and impermissibly allowed the jury to rely on unspecified acts. He also contends for the jury to rely on acts other than him striking T.S. with his van, the jury would have had to make findings of fact to support separate acts.

---

Instruction twenty-eight provided,

As to Count VI, the State must prove all of the following elements of the crime of Domestic Abuse Assault Causing Bodily Injury:

1. On or about the 20th day of April, 2018, the defendant did an act which was meant to cause pain or injury to [T.S.].

2. The defendant had the apparent ability to do the act.

3. The defendant's act caused a bodily injury to [T.S.] as defined in Instruction No. 26.

4. The act occurred between family or household members who resided together at the time of the incident.

We disagree. Dobbe misreads the jury instructions. Taken as a whole, the instructions did not limit the jury's consideration of the facts to only one specific assaultive act. While counts I and III were expressly limited to Dobbe striking T.S. with his vehicle, counts II, V, and IV were not limited to any specific act. Each count represented a separate and distinct offense. *See State v. Willard*, 568 N.W.2d 813, 813–14 (Iowa 1997) (recognizing a defendant may be guilty of multiple offenses arising out of a single instance or chain of events). None of the counts was a lesser-included offense of another, which would have required merger in the absence of findings of separate acts.[5] *See State v. Love*, 858 N.W.2d 721, 724–25 (Iowa 2015) (merging the defendant's convictions for willful injury and assault with intent because assault with intent is a lesser-included offense of willful injury and the jury did not make specific findings of two separate events); *cf. State v. Velez*, 829 N.W.2d 572, 584 (Iowa 2013) (requiring sufficient evidence of separate acts when the defendant pleaded guilty to two counts of the same offense). Since Dobbe was convicted of separate offenses and none was a lesser-included offense of another, findings of fact concerning separate acts were not required. *Id.*

The jury was instructed to "determine whether the defendant is guilty or not guilty separately on each count." We presume the jury considered each count independently. *See State v. Sanford*, 814 N.W.2d 611, 620 (Iowa 2012) (noting we presume jurors follow the jury instructions). This instruction permitted the jury

---

[5] The district court determined count IV was a lesser-included offense of count II, which merged into count II. So the court did not enter judgement against Dobbe on count IV.

to consider counts II, V, and VI without consideration of the restrictive language found in count I. So the jury was free to consider all of Dobbe's conduct toward T.S. on April 20, 2018, in reaching a conclusion as to counts II, V and VI, and the alternative-theories instruction permitted the jurors to rely on different facts in reaching their conclusions as to these counts. And as to counts I and III, we presume the jury limited its consideration to Dobbe's act of striking T.S. with his van because the marshalling instructions specifically limited the jury's consideration to that specified act. *See id.*

So we find that the alternative-theories instruction did not conflict with the marshalling instructions and counsel had no duty to move for new trial on this basis.[6] *See State v. Wills*, 696 N.W.2d 20, 24 (Iowa 2005) (finding counsel was not ineffective for failing to raise a meritless issue). Therefore, we conclude counsel's conduct was not deficient and Dobbe's ineffective-assistance claim fails on the first prong.

**AFFIRMED.**

---

[6] We understand the district court limited its consideration of Dobbe's motion in arrest of judgement to only the act of Dobbe striking T.S. with his van because it was the only act specified in any marshalling instruction. But we will not deem counsel's performance as deficient for not anticipating that the district court would limit its analysis in a manner that was not required by the instructions. *See State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012) ("We do not find such a breach by second-guessing or making hindsight evaluations."); *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001) (noting "we avoid second-guessing and hindsight" when assessing whether counsel's performance was deficient).