# IN THE COURT OF APPEALS OF IOWA

No. 24-0668
Filed August 6, 2025

**NICHOLAS MICHAEL HANER,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, Jeffrey L. Larson, Judge.

An applicant for postconviction relief appeals the district court's denial of his application. **AFFIRMED.**

Brian Scott Munnelly, Omaha, Nebraska, for appellant.

Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney General, for appellee State.

Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**SANDY, Judge.**

Nicholas Haner appeals the district court's denial of his application for postconviction relief arguing that the sentence imposed amounts to cruel and unusual punishment because he was only twenty years old at the time of the crime and that his attorney was ineffective for "failing to request an opportunity to present evidence of the underdeveloped adolescent brain or evidence of brain damage from excessive use of drugs during his adolescence." We affirm.

## I. Background Facts and Proceedings

In 2019 Haner was charged with the first-degree murder of Adam Angeroth. Haner ultimately pled guilty to the lesser included charge of second-degree murder. He requested immediate sentencing and waived his rights to delayed sentencing, file a motion in arrest of judgment, and preparation of a presentence investigation report (PSI) prior to sentencing. At sentencing Haner declined to make any statement in his right to allocution. In conformity with the plea agreement, the district court sentenced Haner to fifty years in prison with a mandatory sentence of thirty-five years. *See* Iowa Code §§ 707.3(2), 902.12(1)(a) (2019). Haner was twenty years old at the time of the offense.

In 2022, Haner filed his application for postconviction relief (PCR). At the PCR trial Haner's criminal defense attorney—William McGinn—testified that he did not have any evidence "to show that [Haner] was developmentally disabled or anything like that," and Haner's mother reported "he was a perfectly normal kid capable of making his own decisions." In addition, McGinn testified he used both Haner's young age and his history of drug use as mitigation factors in plea negotiations. The district court denied relief.

In its reasoning the court explained "our law, while recognizing that young adults may not have reached their full adult maturity, has consistently held that persons who commit criminal offenses after they reach the age of majority . . . are treated as adults." The district court further determined that Haner could not now "complain he was not given an opportunity to present evidence and argument in his defense when he willingly chose to take the plea deal that came with mandatory sentencing, waived his right to present evidence in his defense, and declined to make any statement to the Court before sentencing."

## II. Standard of Review

"We ordinarily review PCR rulings for correction of errors at law." *Brooks v. State*, 975 N.W.2d 444, 445 (Iowa Ct. App. 2022). "However, when the applicant asserts claims of a constitutional nature, our review is de novo." *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001); *State v. Hoeck*, 843 N.W.2d 67, 70 (Iowa 2014). So claims of ineffective assistance of counsel and cruel and unusual punishment are reviewed de novo. *Ledezma*, 626 N.W.2d at 141. In conducting our de novo review, "we give weight to the lower court's findings concerning witness credibility." *Id.*

## III. Discussion

### A. Cruel and Unusual Punishment[1]

Haner contends his sentence violates his constitutional right to be free from "cruel and unusual punishments." U.S. Const. amend. VIII. More specifically, he

---

[1] We recognize the procedural irregularity in raising this illegal-sentence claim through a PCR application and attempting to appeal the same. As the supreme court has held, this claim cannot really be brought through a PCR action, and we have to treat the district court papers as a motion to correct an illegal sentence.

argues the holdings of *Miller v. Alabama*, 567 U.S. 460 (2012), *Graham v. Florida*, 560 U.S.48 (2010), *State v. Sweet*, 879 N.W.2d 811 (Iowa 2016), and *State v. Ragland*, 836 N.W.2d 107 (2013) prohibit imposing a mandatory punishment on a young adult offender—here twenty years of age—and instead require the district court to hold an individualized sentencing hearing before imposing any sentence. Haner reasons that his sentence of fifty years in prison with a mandatory minimum of thirty-five years "is the fundamental equivalent of a life sentence without parole."

We are unpersuaded.  As a starter, we do not agree that a sentence of fifty years with a thirty-five-year mandatory minimum is equivalent to a life sentence without parole.  However, notwithstanding that disagreement, the district court correctly concluded that because Haner was not a juvenile at the time the crime was committed he was not entitled to be sentenced as one.  *Dorsey v. State*, 975 N.W.2d 356, 364 (Iowa 2022).  Indeed, "the line between being a juvenile and an adult was drawn for cruel and unusual punishment purposes at eighteen years of age."  *State v. Seats*, 865 N.W.2d 545, 556–57 (Iowa 2015).

## B. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, Haner must show (1) counsel's performance fell below objectively reasonable standards, and (2) if

---

*See Dorsey v. State*, 975 N.W.2d 356, 360 (Iowa 2022).  To review those papers on appeal, we must treat the appellate filings as a petition for writ of certiorari.  *Id.* We do so here and ultimately grant then annul the writ for the reasons set forth above the line in this opinion.  We decline to recaption this case or modify the decretal language because Haner also raises an ineffective-assistance claim, which is properly heard through postconviction litigation and appeal.  We disfavor this procedural posture—mixing and matching appeal and certiorari—but leave for another day what we should do about it.  We note we may not always grant certiorari review in such cases in the future.

counsel had acted differently, there would have been a reasonable probability of a different outcome at trial. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). Failure to prove either element is fatal to an ineffective-assistance claim. *See Ledezma*, 626 N.W.2d at 142. To succeed on the first element, Haner "must overcome the strong presumption that his counsel's actions were reasonable under the circumstances and fell within the normal range of professional competency." *State v. Smothers*, 590 N.W.2d 721, 722 (Iowa 1999). Prejudice exists if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Leckington*, 713 N.W.2d 208, 217 (Iowa 2006) (citation omitted).

Haner argues that his "trial counsel failed to do anything in order to present to the court factors that could have mitigated his sentence or pointed to any individualized consideration of youth as a mitigating factor at his sentencing hearing." Assuming without deciding that Haner preserved error on the ineffective-assistance-of-counsel claim, we disagree. As recited above, trial counsel employed Haner's youth and history of drug use in his plea negotiations with the State. And he was successful. A first-degree murder conviction with a mandatory life sentence without the possibility of parole was avoided.

Moreover, for the reasons articulated above, Haner would not have been entitled to a juvenile sentencing hearing given his status as an adult. And failing to raise a meritless argument does not constitute a breach of an essential duty for purposes of an ineffective-assistance claim. *State v. Henderson*, 804 N.W.2d 723, 726 (Iowa Ct. App. 2011). Haner has not satisfied his burden that his trial counsel's performance fell below objectively reasonable standards.

Turning to prejudice, Haner advances the conclusion that "had trial counsel presented this evidence at the negotiation and penalty phases of this criminal case, the result surely would have been different." But Haner does not provide any explanation as to how or why. And we will not do so for him. Haner's "conclusory claim of prejudice" is not sufficient to satisfy the prejudice element. *State v. Myers*, 653 N.W.2d 574, 579 (Iowa 2002); *accord State v. Tate*, 710 N.W.2d 237, 241 (Iowa 2006).

**AFFIRMED.**